*In re* COSENOW.

(*Circuit Court, E. D. Michigan.* February 6, 1889.)

1. ARMY AND NAVY— ENLISTMENT — MINORS — DISCHARGE — CONFINEMENT FOR DESERTION.
   A minor soldier of the army, in confinement under a charge of desertion, will not be discharged from military service until he has been released from such confinement.

2. SAME.
   A minor's contract of enlistment is not void, but voidable.

3. SAME.
   It seems that if he be over 16 years of age he can only be discharged upon the application of his parent or guardian; otherwise, if he be under 16, or if he were insane or intoxicated at the time of his enlistment.

(*Syllabus by the Court.*)

*Habeas Corpus.*

The petitioner sought the discharge of his son, Carl Cosenow, from the army of the United States, upon the ground of his infancy at the time of his enlistment. From the return of the commanding officer it appeared that Cosenow was enlisted at Fort Wayne, Mich., under the name of Fred. Smith, on the 16th day of March, 1887, for the term of five years; that on the 3d of May following he deserted from the service, and remained away until his apprehension, on the 28th of December, 1888; that a charge of desertion was preferred against him, and he was tried by a court-martial; and at the time of filing the petition, the court-martial had sent its proceedings to the reviewing authority for action, and that he was then held in custody awaiting the result of such action. It further appeared from the return that, after the desertion in May, 1887, he again enlisted under the name of Kasenow, and was discharged on May 10, 1888. At the time of his enlistment he swore he was 21 years and 7 months old. From the testimony of his parents, however, it appeared he was still a minor.

*J. B. McCracken,* for petitioner.

*Charles T. Wilkins,* Asst. Dist. Atty.

BROWN, J. By Rev. St. § 1117, "no person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians, provided that such minor has such parents or guardians entitled to his custody and control." The power of the federal courts to discharge soldiers who have been enlisted in violation of this section is now so well settled that a citation of authorities is unnecessary.

The only complication in this case arises from the fact that the soldier has been tried upon a charge of desertion, and is now in custody, awaiting the disposition of his case by the reviewing authority. By the forty-seventh article of war "any officer or soldier who, having received pay, or having been duly enlisted in the service of the United States, deserts the same, shall  *  *  *  suffer,  *  *  *  in time of peace, any punishment, excepting death, which a court-martial may direct." Petitioner claims that if it be once conceded that his son's enlistment was in violation of law, he was never duly enlisted, and a court-martial had no jurisdiction to try him for desertion. In our opinion, however, section 1117 refers only to such recruits as have gone through the form of an enlistment, and have thereby become subject to the rules and articles of war. The prohibitory language used in section 1117 is repeated in section 1118, which declares that "no minor under the age of sixteen years, no insane or intoxicated person, no deserter from the military service of the United States, and no person who has been convicted of a felony, shall be enlisted or mustered into the military service." The enlistment of a recruit in violation of either section is equally illegal, and the proposition of the petitioner amounts to this: that any soldier who conceives he has been illegally enlisted, either by reason of his minority, or by reason of his insanity or intoxication at the time of enlistment, or

by reason of a prior desertion from the military service, or of his having been convicted of a felony, may take the law into his own hands, and desert the service without any other liability than that of establishing his disability, if he happen to be apprehended as a deserter. We are not prepared to adopt so dangerous a doctrine. Carried to its legitimate extent, it would authorize any recruit, upon the eve of an important battle, or after the commission of any military offense, to abandon his colors, perhaps in the very face of the enemy; and the officer who should order his arrest would be liable as a trespasser. To our minds the very statement of this proposition is its own answer. There is no doubt whatever of the power of congress to authorize the enlistment of minors, even without the consent of their parents, and to that extent to abrogate the common-law disability of the infant to contract. *U. S.* v. *Bainbridge,* 1 Mason, 71; *In re Davison,* 21 Fed. Rep. 618. In case of an illegal enlistment, the rights of the soldier and of his parents are abundantly protected by an appeal to the secretary of war under the fourth article of war, or by a writ of *habeas corpus* issuing from any federal court. An enlistment contrary to law is not void, but voidable. If the soldier and his guardian both consent to his serving, the enlistment is binding, and the only object of obtaining the consent of the guardian in writing is that it cannot be retracted. So long as the verbal consent of the parent or guardian is not withdrawn by the commencement of proceedings to obtain his release, the recruit is bound to military service, and is subject to the rules and articles of war. There is a marked distinction between the language used in sections 1117 and 1118. By an express proviso in the former, the enlistment of the minor is valid, in the absence of parents or guardians entitled to his custody and control. Indeed, the decided weight of authority is that the recruit is estopped by his own oath of full age; that, as to him, the enlistment is valid and binding, and that no one but his parents or guardian can claim his discharge. *In re Hearn,* 32 Fed. Rep. 141; *In re Davison,* 21 Fed. Rep. 618; *U. S.* v. *Gibbon,* 24 Fed. Rep. 135; *In re Beswick,* 25 How. Pr. 149; *Menges* v. *Camac,* 1 Serg. & R. 87. It is true, there are one or two cases to the contrary, but the point does not seem to have been carefully considered, and in our opinion the position taken is unsound. *Re McNulty,* 2 Low. 270; *U. S.* v. *Hanchett,* 18 Fed. Rep. 26. Upon the contrary, if a minor under the age of 16 years be enlisted in violation of section 1118, we should have no doubt that such enlistment was voidable at the election of the minor himself. So, if he were insane or intoxicated, or were a deserter or a convicted felon, we see no reason to doubt that he could obtain his own discharge upon those grounds.

As to the liability of a minor to be tried by a court-martial for any military offense committed after his enlistment, the cases, with perhaps one or two exceptions, are uniform. In the case of *Grace* v. *Wilber,* 10 Johns. 453, it was held by the supreme court of the state of New York that if an infant, not liable to be enrolled in the militia, afterwards deserted the service, he could not be compelled to return, and an action of trespass would lie against a person who apprehended and detained

him as a deserter. In the court of errors, however, (12 Johns. 68,) the case was reversed, and it was held by a majority of the court that if a person not liable to military duty voluntarily entered the service as a soldier, he could be apprehended as a deserter. "The question is not whether the contract is valid or void; nor is it whether the soldier is entitled to be discharged from the service or not. The contract may be void, and he may be entitled to his discharge; but it does not follow that he is to be his own judge, and to discharge himself by desertion. Any person detained by military authority or military force may obtain his discharge, if he is entitled to it, by application to the proper civil authorities. But a soldier in actual service cannot be allowed to desert at pleasure." It is true that in *Com.* v. *Gamble*, 11 Serg. & R. 93, the enlistment of an infant in the marine corps was held to be valid, but the court remarked that there was another independent ground upon which he must be remanded, as the recruit was in confinement on a charge of desertion; "that the law is clear that he must abide the sentence of a court-martial before he can contest the validity of the enlistment. There would be an end of all safety if a minor could insinuate himself into an army, and, after having perhaps jeoparded its very existence by betraying its secrets to the enemy, escape military punishment by claiming the privileges of infancy." It is true, the authority of this case was somewhat shaken by the subsequent case of *Com.* v. *Fox*, 7 Pa. St. 336, but we regard the earlier case as declaring the sounder doctrine. The question was directly decided in 1865 by Mr. Justice DILLON, of the supreme court of Iowa, in *Ex parte Anderson*, 16 Iowa, 595, in which the court refused to inquire into the validity of an enlistment where the recruit was held to answer to a charge of desertion, and remanded him to the military court for trial. A like ruling was made by Mr. Justice BACON in the supreme court of New York in *Re Beswick*, 25 How. Pr. 149; by Mr. Justice MERRICK, of the supreme court of Massachusetts, in *Re Dew*, 25 Law Rep. 538; and, inferentially at least, by the supreme court of Massachusetts in *McConologue's Case*, 107 Mass. 170, and *Tyler* v. *Pomeroy*, 8 Allen, 480, 501; and by Judge LOWELL in *Re Wall*, 8 Fed. Rep. 85. It is true, in some of these cases the language of the statute was not as sweeping as that contained in section 1117, but the decisions were not put upon that ground.

The only case opposed to this view, to which our attention has been called, is that of *In re Baker*, 23 Fed. Rep. 30, in which it was held that a court-martial could not retain jurisdiction of an enlisted minor under charges of desertion. We have read this case with great care, but are unable to concur in the opinion of the learned judge, that the effect of the statute is to make the enlistment so absolutely void that the recruit could not commit the crime of desertion, and that a court-martial could not retain jurisdiction under the charge.

Our conclusion is that the court-martial had jurisdiction of the offense committed by the recruit, and that he must be remanded to await the result of his trial.