## *In re* MORRISSEY, Petitioner.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

No. 931. Submitted October 21, 1890. — Decided November 17, 1890.

This case is rightfully brought here by appeal, and not by writ of error.

The provision in Rev. Stat. § 1117, " that no person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: *Provided* that such minor has such parents or guardians entitled to his custody and control," is for the benefit of the parent or guardian, and gives no privilege to the minor, whose contract of enlistment is good so far as he is concerned.

The age at which an infant shall be competent to do any acts, or perform any duties, civil or military, depends wholly upon the legislature.

THE case is stated in the opinion.

*Mr. Henry W. Putnam* and *Mr. Daniel Noyes Kirby* for the petitioner, cited the following cases in their brief: *Ex parte Mason*, 1 Murphy (N. C.) 336; *Shorner's Case*, 1 Carolina Law Repository, 55; *United States* v. *Anderson*, 1 Cooke (Tenn.) 143; *Commonwealth* v. *Harrison*, 11 Mass. 63; *Commonwealth* v. *Cushing*, 11 Mass. 67; *S. C.* 6 Am. Dec. 156; *Commonwealth* v. *Callan*, 6 Binney, 255; *Lewis' Case*, 2 Carolina

Law Repository, 47; *Carleton's Case*, 7 Cowen, 471; *Common-wealth* v. *Downes*, 24 Pick. 227; *Keeler's Case*, Hempstead, 306; *Commonwealth* v. *Fox*, 7 Penn. St. 336; *Kimball's Case*, 9 Law Rep. 500; *United States* v. *Wright*, 5 Philadelphia, 296; *In re McDonald*, 1 Lowell, 100; *In re McLave*, 8 Blatch-ford, 67; *Commonwealth* v. *Blake*, 8 Philadelphia, 523; *In re McNulty*, 2 Lowell, 270; *United States* v. *Hanchett*, 18 Fed. Rep. 26; *In re Baker*, 23 Fed. Rep. 30; *In re Chapman*, 37 Fed. Rep. 327; *State* v. *Dimick*, 12 N. H. 194; *S. C.* 37 Am. Dec. 197; *Telegraph Co.* v. *Davenport*, 97 U. S. 369; *United States* v. *Cottingham*, 1 Rob. (Va.) 615; *S. C.* 40 Am. Dec. 710; *Seavey* v. *Seymour*, 3 Cliff. 439; *In re Tarbell*, 25 Wisconsin, 390; *Tucker* v. *Moreland*, 10 Pet. 58; *Conroe* v. *Bird-sall*, 1 Johns. Cas. 127; *S. C.* 1 Am. Dec. 105; *Merriam* v. *Cunningham*, 11 Cush. 40; *Dew's Case*, 25 Law Rep. 538.

*Mr. Solicitor General* opposing.

MR. JUSTICE BREWER delivered the opinion of the court.

This case, appealed from the Circuit Court for the Eastern District of Missouri, presents, like that of *Grimley, Petitioner*, just decided, a question arising on *habeas corpus* as to the right of the petitioner, an enlisted soldier, to be discharged from military custody. An effort was made to bring this case here by writ of error; but that was abandoned, and an appeal rightfully substituted. *In re Neagle*, 135 U. S. 1, 42. The facts differ from those in that case, in this: The petitioner was seventeen years of age, and had a mother living who did not consent to his enlistment. Upon his enlistment he drew from the United States his uniform and equipments, and continued in actual service from the 23d day of August to the 13th day of September, 1883, when he deserted. He remained in concealment until February, 1889, at which time he had become of age, and then appeared at a recruiting office and demanded his discharge from the army on the ground that he was a minor when enlisted. In his oath of allegiance he swore that he was twenty-one years and five months

old. It will be seen that the petitioner was within the ages prescribed by section 1116 of the Revised Statutes, to wit, sixteen and thirty-five years. Section 1117 provides that "no person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: *Provided,* That such minor has such parents or guardians entitled to his custody and control." But this provision is for the benefit of the parent or guardian. It means simply that the government will not disturb the control of parent or guardian over his or her child without consent. It gives the right to such parent or guardian to invoke the aid of the court and secure the restoration of a minor to his or her control; but it gives no privilege to the minor.

The age at which an infant shall be competent to do any acts or perform any duties, military or civil, depends wholly upon the legislature. *United States* v. *Bainbridge,* 1 Mason, 71; *Wassum* v. *Feeney,* 121 Mass. 93, 95. Congress has declared that minors over the age of sixteen are capable of entering the military service, and undertaking and performing its duties.

An enlistment is not a contract only, but effects a change of status. *Grimley's Case, ante,* 147. It is not, therefore, like an ordinary contract, voidable by the infant. At common law an enlistment was not voidable either by the infant or by his parents or guardians. *The King* v. *The Inhabitants of Rotherford Greys,* 2 Dow. & Ryl. 628, 634; *S. C.* 1 B. & C. 345, 350; *The King* v. *The Inhabitants of Lytchet Matravers,* 1 Man. & Ryl. 25, 31; *S. C.* 7 B. & C. 226, 231; *Commonwealth* v. *Gamble,* 11 S. & R. 93; *United States* v. *Blakeney,* 3 Grattan, 405, 411–413.

In this case the parent never insisted upon her right of custody and control; and the fact that he had a mother living at the time is, therefore, immaterial. The contract of enlistment was good so far as the petitioner is concerned. He was not only *de facto,* but *de jure,* a soldier — amenable to military jurisdiction. His mother not interfering, he was bound to remain in the service. His desertion and concealment for five

years did not relieve him from his obligations as a soldier, or his liability to military control. The order of the Circuit Court remanding him to the custody of the appellee was correct and must be *Affirmed.*