### DOANE v. BURKMAN et al.

(Circuit Court of Appeals, Ninth Circuit. October 2, 1911.)

No. 1,927.

**1. ARMY AND NAVY (§ 19*)—ENLISTMENT—MINORS.**

Where the mother of a minor was living at the time of his enlistment, and neither she nor the minor's custodian, by articles of agreement, gave written consent to the enlistment, the United States was not entitled to hold the minor as against his parent or guardian under Rev. St. § 1117 (U. S. Comp. St. 1901, p. 813), providing that no person under the age of 21 shall be enlisted or mustered into the military service of the United States without the consent of his parents or guardian, provided the minor has such parents or guardian entitled to his custody or control.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 46, 48; Dec. Dig. § 19.*]

**2. ARMY AND NAVY (§ 19*)—ENLISTMENT OF MINORS—RIGHT TO DISCHARGE—FOSTER PARENT.**

The mother of a minor, by articles of agreement, gave to petitioners full control, care, and custody and complete management of him when he was two years and four months of age until he should arrive at majority, petitioners agreeing to take and raise the child in all respects as their own, and to give it suitable support and education. The minor having enlisted in the United States army at the age of 18 years and 7 months without the consent of his natural mother or of petitioners, they applied for his discharge on habeas corpus, and, during the pendency thereof, by proceedings in a state court, regularly adopted the minor and showed such fact by an amended petition. *Held*, that petitioners were entitled to maintain the proceedings for the minor's discharge.

[Ed. Note.—For other cases, see Army and Navy, Dec. Dig. § 19.*]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

Habeas corpus, on petition of Charles Harris Burkman and others, against W. G. Doane, captain Twenty-Fifth United States Infan-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

try, commanding officer at Ft. Lawton, Seattle, for the United States government. Judgment discharging Charles Harris Burkman from custody of such officer, and he appeals. Affirmed.

Elmer E. Todd, U. S. Atty., and W. G. McLaren, Asst. U. S. Atty., for appellant.

James B. Metcalfe, for appellees.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. This is a proceeding by habeas corpus instituted in the district court April 27, 1910, by Annie Burkman Christie to determine her right to the custody of one Charles Harris Burkman, a minor under the age of 21 years. The minor enlisted in the army August 4, 1909, at the age of 18 years and 7 months, for a term of 3 years, but without the written consent of his parents or guardian. He had a mother then living, namely, Mrs. E. L. Harris. Mrs. Harris had, however, on May 17, 1893, by articles of agreement with Annie E. Burkman, given into the hands of the latter the "full control, care and custody and complete management" of her minor child, he then being of the age of 2 years 4 months and 17 days, until he should arrive at the age of majority; that is, until January 1, 1912. By said agreement Mrs. Christie, then Burkman, covenanted to "take and raise said child in all respects as if it were her own, and to give it suitable support and education." These articles of agreement were filed by Mrs. Burkman and recorded in the records of King county, state of Washington, March 31, 1897. By leave of the court, an amended petition for the writ was filed June 10, 1910, by Annie Burkman Christie and Claude H. Christie, her husband, who in the meantime, however, namely, on May 24, 1910, on their petition to the superior court of the state of Washington for King county, and the written consent of the surviving parent, had secured the regular adoption of said minor by order and judgment of that court duly entered of record. By the return of the appellant, he being the commanding officer in charge, it is shown that at the time of the enlistment Richard P. Burkman, claiming to be the brother and guardian of the minor, freely gave his consent to the latter's enlistment. The cause coming on to be heard on the amended petition and the return thereto, the minor was discharged from the custody of the officer. This appeal is from that judgment.

[1] The government does not seem to insist that the enlistment was either regular or legally consummated. The mother of the minor was then living, and neither she nor his custodian, by articles of agreement, gave written consent to the enlistment. Rev. St. § 1117 (U. S. Comp. St. 1901, p. 813), provides:

"No person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: Provided, that such minor has such parents or guardians entitled to his custody and control."

"But this provision," says the Supreme Court, in Re Morrissey, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644, "is for the benefit of the

parent or guardian. It means simply that the government will not disturb the control of parent or guardian over his or her child without consent. It gives the right to such parent or guardian to invoke the aid of the court and secure the restoration of a minor to his or her control; but it gives no privilege to the minor." So it is said in Re Perrone (D. C.) 89 Fed. 150:

"The sole question is whether this petitioner, who has become the guardian of the minor since his enlistment, is within the provisions of the section above quoted, and so entitled to avoid such enlistment. In my opinion he is not. The guardian whose written consent is required by that section is one who was such at the time of the enlistment, and who was then entitled to the legal custody and control of the minor. This would be the proper construction of the section without its proviso, but the proviso places the matter beyond question."

[2] Based upon these cases, the only contention made is that Mrs. Harris having released her custody of the minor to Annie E. Burkman, now Mrs. Christie, and never having insisted upon her right to such custody, the petitioner cannot now in her stead, or in the capacity as guardian secured by order and judgment of the court after enlistment, assert the right.

This is not a case of an application by the minor for his own release, as was that of In re Morrissey, but by his legal custodians. Mrs. Christie was virtually standing in loco parentis of the child at the time of his enlistment by virtue of the articles of agreement, but legally she could not then maintain suit for his custody. This must be admitted. The fact remains, however, that the consent of the guardian by nature—that is, his mother—was not obtained. Either she or Mrs. Christie was then, and is now, entitled to the custody of the boy. The government has not shown that it is legally entitled to such custody as against the rightful and legal guardian. The simple question, therefore, recurs, Can the petitioner maintain this proceeding?

It seems to us enough that Mrs. Christie at the time of the enlistment was entitled to the custody as against Mrs. Harris by virtue of the articles of agreement, she standing really in loco parentis of the child, and that the court has subsequently confirmed her right by granting a legal adoption. Surely the government would not persist in holding a minor away from his legal and rightful guardian without having itself a just and legal right to the services of such minor by a regular and lawful enlistment. In good morals and sound justice Mrs. Christie was entitled to the custody of Burkman, having reared him from the time he was of the age of two years, and, unless the government can show valid right and title, it ought not to be heard to stand upon a technical objection to the right of petitioners to maintain the writ.

The judgment of the District Court will be affirmed.