Ex parte WINFIELD.

(District Court, E. D. Virginia. October 19, 1916.)

1. ARMY AND NAVY ☞19—ENLISTMENT—EFFECT OF.

Rev. St. § 1117,[1] declares that no person under the age of 21 years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians, provided that such minor has parents or guardians entitled to his custody and control. *Held,* that a minor who enlists, misrepresenting his age, is legally amenable to military jurisdiction, and bound to remain in the service unless his parents or guardians obtain his release; the statute being for the interest of parents and guardians only.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 45–50; Dec. Dig. ☞19.]

2. ARMY AND NAVY ☞19—NATIONAL GUARD—ENLISTMENT THEREIN—APPLICABILITY OF FEDERAL STATUTE.

A boy under 18 years of age, by misrepresenting his age, enlisted in the National Guard for the District of Columbia, without the consent of his mother, who was his only surviving parent and guardian. Very shortly after his enlistment the boy was mustered into the service of the United States. Rev. St. § 1117, declares that no person under the age of 21 years shall be enlisted or mustered into the military service of the United States without the consent of his parents or guardians, while Act June 3, 1916, c. 134, § 27, 39 Stat. 185, reduced the age limit to 18 years. *Held,* that these statutes apply only to the national military forces regularly maintained under the authority of Congress, and there being no statutory authority enabling a parent to annul an enlistment in the National Guard of the District of Columbia because of the child's misrepresentations of his age, the mother could not secure the release of her son, though by reason of his enlistment in the National Guard he was temporarily mustered into the service of the United States, for at common law an enlistment by a minor under misrepresentations as to his age is not voidable by the minor or his parents.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 45–50; Dec. Dig. ☞19.]

Habeas Corpus. In the matter of the petition of Ida V. Winfield for a writ of habeas corpus to secure the release of Richard Andrew Winfield from military service. Petition dismissed.

Frederic R. Whippler, of Washington, D. C., for petitioner.

S. T. Ansell, Assistant Judge Advocate General, of Washington, D. C., for the United States.

WADDILL, District Judge. The petition for habeas corpus filed in this case by Ida V. Winfield sets forth that she is the mother of Richard

Andrew Winfield, who was born on the 1st day of August, 1898, and enlisted in Company G, Third Infantry, District of Columbia National Guard, on the 8th day of June, 1914; that at the time of his enlistment the minor's father was dead; that since his father's death he has lived with and been under her care, custody, and control; that his enlistment in the National Guard of the District of Columbia, as aforesaid, was without her knowledge or consent, and that she never, in writing or otherwise, assented to his entering the military service of the District of Columbia, or of the United States, or to his remaining therein; that the National Guard of the District of Columbia, particularly Company G of the Third Infantry, pursuant to the call of the President, issued on the 18th day of June, 1916, was on the 19th day of June, 1916, mustered into the service of the United States; and that, at the time of the filing of the petition, on the 15th day of July, 1916, the said Richard Andrew Winfield, and the company and regiment to which he belonged, were stationed at Ft. Myer, Va., and within the jurisdiction of this court; and the petition prayed for the release of the said Richard Andrew Winfield from the military service aforesaid.

The facts in the case were conceded—that at the time of entering the National Guard of the District of Columbia the minor was under 18 years of age; that at his enlistment he falsely represented himself to be over the age of 18 years; that he was admitted to the service without the assent of his parents or guardian; and that, at the time of the trial, on the 27th day of July, 1916, he lacked a few days of being 18.

[1, 2] The real question to be decided is whether the petitioner is entitled to the discharge of her son, under the provisions of section 1117 of the Revised Statutes, which reads as follows:

"Sec. 1117. No person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: Provided, that such minor has such parents or guardians entitled to his custody and control."

Under section 27 of an act approved June 3, 1916, entitled "An act for making further and more effectual provision for the national defense," etc., the age limit for enlistment in the regular army was changed from 21 to 18 years.

Confessedly, the minor himself is not entitled to a discharge, as the contract between himself and the District of Columbia for military service is valid. In re Grimley, 137 U. S. 147, 150, 153, 11 Sup. Ct. 54, 34 L. Ed. 636. And as against the petitioner, the mother of the minor, the contract is likewise binding, if good against him, in the absence of some statutory provision in her favor. At common law an enlistment was not voidable by either an infant or its parents or guardians. In re Morrissey, 137 U. S. 157, 159, 11 Sup. Ct. 57, 34 L. Ed. 644, and cases cited. And hence the statute must be looked to, to ascertain whether relief thereunder is afforded.

Section 1117, supra, was enacted in the interest of the parents, and the contract of enlistment, the parent not interfering, is valid as against the infant. He is not only a de facto, but a de jure, soldier,

amenable to military jurisdiction, and bound to remain in the service. What is the effect of the statute referred to, as respects the status of the minor in this case, in the service of the United States, by reason of his membership in the National Guard of the District of Columbia? Does it enable the mother to intervene in behalf of the son, in the absence of legislative enactment affecting his relationship to the National Guard of the District of Columbia? The section referred to has reference to the national military forces raised and maintained by Congress, under its power to raise and support armies, and not to the National Guard, called as such, by the President, into the service of the United States, for constitutional purposes. No provision will be found in the statutes relating to National Guard of the District of Columbia enabling the parent to annul a lawful enlistment entered into by a member of the National Guard; and, in the absence of such statute, the court's conclusion is that the petitioner cannot avail herself of the provision of the federal statute, section 1117, supra, although her son may be temporarily in the military service of the United States. He is in such service by virtue of his enlistment as a member of the National Guard of the District of Columbia, and it is his eligibility in the last-named service that determines his liability to be mustered into and retained in the military service of the United States. If he is lawfully an integral part of the National Guard of the District of Columbia, and such guard is lawfully called, as it was in the present case, into the service of the United States, he is liable to service therein, and entitled to discharge therefrom, as respects matters inhering in the legality of his enlistment in such National Guard, when, and not until, the National Guard has been mustered out of the service of the United States.

The petition for writ of habeas corpus will be dismissed.