HOSKINS et al. v. PELL.*

(Circuit Court of Appeals, Fifth Circuit. February 5, 1917.)

No. 3024.

1. ARMY AND NAVY ⬗19—ENLISTMENTS—VALIDITY.

Rev. St. § 1116 (Comp. St. 1913, § 1884), as amended by Act March 2, 1899, c. 352, 30 Stat. 978, provides that recruits enlisted in the army must be effective and able-bodied men and between the ages of 16 and 35 years; the limitation of age not applying to soldiers re-enlisting. Section 1117 (Comp. St. 1913, § 1885), as amended by National Defense Act June 3, 1916, c. 134, 39 Stat. 166, provides that no person under the age of 18 shall be enlisted or mustered into military service of the United States without written consent of his parents or guardians; while section 1118 (Comp. St. 1913, § 1886) declares that no minor under the age of 16, no insane, or intoxicated person, no deserter from the military service of the United States, and no person who has been convicted of a felony, shall be enlisted or mustered into the military service. Comp. St. Ann. 1916, § 1714, declares that all able-bodied male citizens and persons of foreign birth who have declared their intention to become citizens, between the age of 18 and 45, shall constitute the national forces, while National Defense Act June 3, 1916, § 57, declares that the militia shall consist of such persons. Act Aug. 29, 1916, c. 418, § 3, 39 Stat. 659, Articles of War 54, 55, and 58 respectively, declare that any person who shall procure himself to be enlisted in the military service of the United States by means of willful misrepresentation or concealment as to his qualifications and shall receive pay and allowances shall be punished by court-martial, that any officer receiving a forbidden enlistment shall be punished, and

---

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied March 20, 1917.

that any person subject to military law who deserts or attempts to desert shall be punished. A minor under the age of 16 took the oath of enlistment, was accepted, and returned to the home of his parents. Thereafter he was apprehended as a deserter and committed to the custody of the commanding officer of the regiment. *Held* that. while a minor over 16 and under 18 years of age who enlists without the consent of his parents or guardians is subject to the jurisdiction of the military authorities for an offense committed prior to the exercise by a parent or guardian of the right to avoid the enlistment, such minor did not become a soldier; the statutes declaring him incapable of changing his status by enlistment, although he might validate his enlistment by continuing in the service until he had reached an age qualifying him for enlistment.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 45–50.]

2. ARMY AND NAVY ⬤⟹38—DESERTION—WHAT CONSTITUTES.

In such case, as the minor never became a soldier subject to military law, he is not a deserter under Act Aug. 29, 1916, § 3, Article of War 58, and so is not amenable to the jurisdiction of the courts-martial.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 81, 82.]

3. ARMY AND NAVY ⬤⟹36—ENLISTMENT—FRAUDULENT ENLISTMENT.

In such case, where the minor did nothing but attempt to enlist, receiving no pay or allowances, he is not guilty of the offense of fraudulent enlistment denounced by Act Aug. 29, 1916, § 3, Article of War 54.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. § 79.]

Grubb, District Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Application by O. J. Pell for writ of habeas corpus against George C. Hoskins and others to obtain the custody of Oscar J. Pell, Jr. From a judgment commanding the immediate surrender of Oscar J. Pell, Jr., respondents appeal. Affirmed.

J. W. George, U. S. Atty., and J. P. Alexander, Asst. U. S. Atty., both of Jackson, Miss., and Maj. S. T. Ansell, Judge Advocate, War Department, of Washington, D. C., for appellants.

Hugh V. Wall, of Brookhaven, Miss., for appellee.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. On the 21st day of July, 1916, at Jackson, Miss., Oscar J. Pell, Jr., applied for enlistment in a regiment of the National Guard of Mississippi, which prior to that date the President had called into the service of the United States. He represented himself to be 18 years of age, when in fact he was under 16 years of age, having been born November 1, 1900. He took the oath of enlistment prescribed by section 70 of the National Defense Act of June 3, 1916, and was accepted. On the same day, July 21st, without, so far as appears, having done or received anything as a soldier, he returned to the home of his parents at Brookhaven, Miss. On September 24, 1916, a charge of desertion was made against him by an officer of the Mississippi National Guard, upon which he was apprehended at Brookhaven and was committed to the custody of the commanding officer of said regiment. On September 25th, his father, the

appellee, filed a petition for a writ of habeas corpus against such commanding officer, Col. George C. Hoskins, alleging that the latter was not entitled to the possession and custody of the petitioner's minor son, and a writ issued pursuant to the prayer of the petition. Col. Hoskins, in his return to this writ, alleged the enlistment of the petitioner's said son, the arrest and confinement on the charge of desertion, and stated that as soon as practicable there would be a trial on that charge before a court martial, to be convened by the orders of the proper military authorities. That return also contained the following:

"The respondent further returns that, if the age of the said Pell be as alleged in the said petition, then the representation made by him, to wit, that he was 18 years of age and over, was a false representation made in a material matter with intent to deceive the military authorities and did deceive them and did induce his enlistment, and therefore it is the purpose of the respondent, as it is his authority, to prefer formal charges against said Oscar Pell for the offense of fraudulent enlistment and to bring the said Pell to trial thereon as soon as practicable before a court-martial, to be convened by the proper military authorities to convene or direct the convening of said court-martial."

The appeal is from the judgment of the court ordering the immediate delivery of Oscar J. Pell, Jr., to the petitioner, the appellee here.

[1] It is contended in behalf of the appellant that Oscar J. Pell, Jr., should have been remanded to the custody of the military authorities, on the showing made that he was held for trial on a charge of desertion, and that he was subject to prosecution on a charge of fraudulent enlistment.

The statutes which may bear upon the questions presented are as follows:

"Recruits enlisting in the army must be effective and able-bodied men, and between the ages of sixteen and thirty-five years, at the time of their enlistment. This limitation as to age shall not apply to soldiers re-enlisting." (Changed by the provision of the Act of March 2, 1899, 30 Stat. 978, that "the limits of age for original enlistments in the army shall be eighteen and thirty-five years.") U. S. Rev. St. § 1116 (Comp. St. 1913, § 1884).

"No person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: Provided, that such minor has such parents or guardians entitled to his custody and control." (Amended by the proviso of section 27 of the National Defense Act of June 3, 1916, by substituting the word "eighteen" for the word "twenty-one.") U. S. Rev. St. § 1117 (Comp. St. 1913, § 1885).

"No minor under the age of sixteen years, no insane or intoxicated person, no deserter from the military service of the United States, and no person who has been convicted of a felony shall be enlisted or mustered into the military service." U. S. Rev. St. § 1118 (Comp. St. 1913, § 1886).

"All able-bodied male citizens of the United States, and persons of foreign birth who shall have declared their intention to become citizens of the United States under and in pursuance of the laws thereof, between the ages of eighteen and forty-five years, are hereby declared to constitute the national forces, and, with such exceptions and under such conditions as may be prescribed by law, shall be liable to perform military duty in the service of the United States." Act April 22, 1898, c. 187, § 1, 30 Stat. 361 (U. S. Comp. Stat. [Ann. 1916] § 1714, p. 3607).

"The militia of the United States shall consist of all able-bodied male citizens of the United States and all other able-bodied males who have or shall

have declared their intention to become citizens of the United States, who shall be more than eighteen years of age and, except as hereinafter provided, not more than forty-five years of age, and said militia shall be divided into three classes, the National Guard, the Naval Militia, and the Unorganized Militia." Section 57, National Defense Act of June 3, 1916.

"The National Guard shall consist of the regularly enlisted militia between the ages of eighteen and forty-five years organized, armed, and equipped as hereinafter provided, and of commissioned officers between the ages of twenty-one and sixty-four years." Section 58, Id.

"Art. 54. *Fraudulent Enlistment.*—Any person who shall procure himself to be enlisted in the military service of the United States by means of willful misrepresentation or concealment as to his qualifications for enlistment, and shall receive pay or allowances under such enlistment, shall be punished as a court-martial may direct." Acts of Congress 1916, Articles of War, Act of Aug. 29, 1916.

"Art. 55. *Officer Making Unlawful Enlistment.*—Any officer who knowingly enlists or musters into the military service any person whose enlistment or muster in is prohibited by law, regulations, or orders shall be dismissed from the service or suffer such other punishment as a court-martial may direct." Id.

"Art. 58. *Desertion.*—Any person subject to military law who deserts or attempts to desert the service of the United States shall, if the offense be committed in time of war, suffer death or such other punishment as a court-martial may direct, and, if the offense be committed at any other time, any punishment, excepting death, that a court-martial may direct." Id., p. 660.

It is settled that the age of one who, when he is over 16 and under 18 years of age, enlists in the army without the consent of his parents or guardians, if he has a parent or guardian entitled to his custody and control, does not render his enlistment void, and that he is subject to the jurisdiction of the military authorities for an offense committed prior to the exercise by his parent or guardian of the right to avoid his enlistment. In re Miller, 114 Fed. 838, 52 C. C. A. 472; United States v. Reaves, 126 Fed. 127, 60 C. C. A. 675; In re Grimley, 137 U. S. 147, 11 Sup. Ct. 54, 34 L. Ed. 636; In re Morrissey, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644. It clearly appears from statutes above set out that a minor under 16 years of age does not belong to the class of persons who are made liable to perform military duty in the service of the United States, and that his enlistment is peremptorily forbidden, without regard to the consent of his parent or guardian. Language used in the opinions in several of the cases cited shows that the rulings made in those cases are not applicable to the case of an attempted enlistment of a minor under 16 years of age. In the opinion in the case of In re Grimley, supra, the court, speaking of the reasons stated in support of the conclusion that an enlisted soldier cannot avoid a charge of desertion by showing that, at the time he voluntarily enlisted, he had passed the age for enlistment prescribed by law, said:

"Of course, these considerations may not apply where there is insanity, idiocy, infancy, or any other disability which, in its nature, disables a party from changing his status or entering into new relations."

In the opinion in the case of In re Morrissey, supra, in which it was held that the enlistment of a minor over 16 years of age was not voidable by him, it was said:

"The age at which an infant shall be competent to do any acts, or perform any duties, military or civil, depends wholly upon the Legislature. * * * Congress has declared that minors over the age of 16 are capable of entering the military service, and undertaking and performing its duties."

It well may be inferred from what was said in the opinion in the case of In re Miller, supra, that the court entertained the view that a minor under 16 years of age could not acquire the status of a soldier by an enlistment which was forbidden by law. The prohibition of the enlistment or muster into the military service of minors under the age of 16 years, insane or intoxicated persons, is found in the same sentence of the statute which prohibits the enlistment or muster into the service of a deserter from the military service of the United States or one who has been convicted of a felony. It is manifest, however, that the ground of the prohibition in the one case is the party's lack of capacity to change his status or to perform military service, while in the other case the prohibition is based upon previous misconduct of the applicant for admission to the service. This difference may warrant the treatment of a minor under 16 years of age as not liable to military duty where his forbidden contract of enlistment constitutes his only asserted connection with the service, though another person actually in the service would not be permitted to escape its duties, or penalties for a violation of them, by showing that, prior to his forbidden enlistment, he had deserted from the military service of the United States or had been convicted of a felony. However that may be, the plain language of the statutes leaves no room for doubt that an enlistment of a minor under 16 years of age stands upon a different footing from an enlistment of a mentally competent person over that age, and is as invalid as the enlistment of an insane or intoxicated person. Our conclusion is that statutes above set out sufficiently show that it was the intention of the lawmakers to negative the competency of a minor under 16 years of age to acquire the status of a soldier by enlisting for military service, and to deprive his attempt to do so of the effect of subjecting him to military authority. It is not denied that such an enlistment may be validated by the minor's continuance in the service until he reaches the age which qualifies him for enlistment. Ex parte Hubbard (C. C.) 182 Fed. 76.

[2] As the appellee's minor son was not duly enlisted in the service of the United States, he is not amenable to the jurisdiction of courts-martial. His contract of enlistment being void, the goverñment acquired no right to his services. He could not be a deserter, as he never became a soldier. In re Davison (C. C.) 21 Fed. 618.

[3] It is to be observed that the offense of desertion denounced by the Fifty-Eighth Article of War cannot be committed by one who is not "subject to military law." The receipt of pay or allowances under an enlistment is an essential element of the offense of fraudulent enlistment denounced by the Fifty-Fourth Article of War.

It was not suggested that Oscar J. Pell, Jr., did anything beyond attempting to enlist. As the evidence adduced showed that the military authorities were without right to the custody of the appellee's minor son, the order made was a proper one; and it is affirmed.

GRUBB, District Judge (dissenting). I am unable to concur in the conclusion reached by the court in this case. Whatever may be the legal effect of the enlistment of a minor under 16 years of age, if the minor has sufficient age and intelligence to be capable of committing the offense of desertion, has actually deserted and is in confinement, awaiting trial before a military court on the charge of desertion, I do not think he should be released from military custody, until the charge has been disposed of by the court having exclusive jurisdiction to try it. I agree with the conclusion reached in the case of In re Cosenow (C. C.) 37 Fed. 668–671, that the effect of the statute is not "to make the enlistment so absolutely void that the recruit could not commit the crime of desertion, and that a court-martial could not retain jurisdiction under the charge." I think the question as to whether the minor 'was capable of and did in fact commit the offense of desertion should, in such a case, be left to the determination of the military court, and that the minor should not be released from military custody until the charge was so finally disposed of.