Ex parte RUSH.

(District Court, M. D. Alabama, N. D., at Montgomery. November 13, 1917.)

No. 5363.

1. ARMY AND NAVY ⟺19—ENLISTMENT—MINORS.
    National Defense Act June 3, 1916, c. 134, § 27, 39 Stat. 186 (Comp. St. 1916, § 1885a), declaring that no person under the age of 18 years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians, provided that such minor has parents or guardians entitled to his custody and control, is intended for the benefit of the parent or guardian, and gives no rights to a minor under 18 years of age, who enlisted without the consent of his parents or guardian.

2. ARMY AND NAVY ⟺44(3)—ENLISTMENT—PROCEEDINGS BY PARENT AND GUARDIAN.
    A parent or guardian, seeking under National Defense Act June 3, 1916, § 27, declaring that no person under the age of 18 years shall be enlisted into the military service of the United States without the written consent of his parents or guardians, the discharge of a minor son or ward under 18 who enlisted without such written consent, must act seasonably, and cannot unduly delay, and hence, having made no objection to the enlistment for over a year, is not entitled to secure the minor's discharge, after he deserted and was arrested to await trial by court-martial for that offense.

3. ARMY AND NAVY ⟺44(3)—ENLISTMENT—EFFECT.
    As National Defense Act June 3, 1916, permits the enlistment of minors over 16, a minor 17 years old, who, misstating his age, was enlisted without the consent of his guardian, becomes, despite section 27, forbidding enlistment of minors under 18 without written consent of parents or guardians, a de facto and de jure soldier, subject to military jurisdiction, and cannot, having committed an offense against military law, as desertion, be discharged on the petition of his guardian until expiation of his offense.

In the matter of the petition of Mrs. Henrietta Rush, on behalf of Thomas F. Caldwell, a minor, for writ of habeas corpus, directed to William R. Smith, Brigadier General, N. A. Petition dismissed without prejudice.

D. W. Crawford, of Dadeville, Ala., for petitioner.
Hubert J. Turney, of Cleveland, Ohio, for respondent.

HENRY D. CLAYTON, District Judge. This application for habeas corpus is filed by Mrs. Henrietta Rush, on behalf of her minor grandson, Thomas F. Caldwell, her natural ward, whose custody and control she has had, his parents being dead, alleging that he is illegally restrained of his liberty under and by color of the authority of the United States, and in violation of the laws of the United States, by William R. Smith, Brigadier General, N. A., commanding 37th Division in training at Camp Sheridan, Montgomery, and seeks Caldwell's discharge from the custody of the military authorities.

The facts in the case are not disputed, and from them it is established that Caldwell was born September 28, 1899; that on October 13, 1916, while a little over 17 years of age, but under 18 years of age,

and without the consent of his grandmother, his natural guardian, he enlisted in the Alabama National Guard, which, prior to that time, had been mustered into and was then in the service of the United States; that Caldwell went with his company to the Mexican border, received the pay and allowances, and performed all the duties of a soldier for nearly a year, and that with the knowledge of his guardian; that he accompanied his company to Camp Mills, N. Y., the point of embarkation for France, and that while at Camp Mills, and on September 15, 1917, he voluntarily left his company without permission of his commanding officers and returned to his home. Upon his arrival in Alabama, he was apprehended by the military authorities, and the return of General Smith to the writ shows, and it is not disputed, that Caldwell is being held by him as a soldier of the United States, that formal charges alleging the crime of desertion have been preferred against him, and that Caldwell awaits trial by a court-martial.

[1] At the time of Caldwell's enlistment, section 27 of the National Defense Act (Act of Congress approved June 3, 1916, 39 Stat. L. 186 [Comp. St. 1916, § 1885a]), contained the following proviso:

"That no person under the age of eighteen years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians, provided that such minor has such parents or guardians entitled to his custody and control."

It is insisted by petitioner's counsel that this provision quoted renders Caldwell's enlistment void, and that, although he is held by proper military authority on a charge of desertion, nevertheless the court should discharge him and award his custody to his grandmother, his guardian. While it is true that for a time the decisions of the courts varied as to whether the enlistment of a minor in the army or navy without the written consent of his parent or guardian, and in view of the statutes of the United States prohibiting the same, was void, or only voidable, the question was settled more than 25 years ago by the decision of the Supreme Court of the United States (In re Morrissey, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644) construing a provision identical with section 27 of the National Defense Act, except the age then was 21 years, and not 18 years, as at present, and holding that such provision is for the benefit of the parent or guardian, and gives no privilege to the minor.

[2] The law is equally well settled that a parent or guardian, seeking the discharge of a minor son or ward, must act seasonably; he cannot unduly delay. As was said in Ex parte Dostal (D. C.) 243 Fed. 664, 669:

"He may be released from the service by a timely application of the parent or guardian having a superior right to his custody or control. But this application must be made with reasonable diligence, after the parent has acquired knowledge of the actual enlistment, and before an offense has been committed by him."

[3] As between the United States and the minor, the enlistment of a minor over 16 and under 18 years of age is valid, and the minor becomes de jure and de facto a soldier, subject to military jurisdiction. He cannot himself seek his discharge by habeas corpus, and where the

parent or guardian of the minor seeks his discharge, the guardian or parent must make application with reasonable diligence and before the minor has committed any offense against the military law. He is not entitled to the minor's custody prior to the expiation of his military offense. Ex parte Dunakin (D. C.) 202 Fed. 290. This rule has been announced in many cases, and the reason is well stated by Goff, J., in Dillingham v. Booker, 163 Fed. 696, 698, 90 C. C. A. 280, 282 (18 L. R. A. [N. S.] 956, 16 Ann. Cas. 127), where it is said:

"To hold otherwise will make enlistment a farce, will destroy discipline, and offer a premium for desertion. It will not do to hold that he cannot be punished by a court-martial for crimes committed when he was in the naval service, simply because his parents did not consent to his enlistment."

In Ex parte Dostal, supra, one of the late cases on the subject, this same question was presented, and the court there held that:

"After an offense has been committed by the minor against the military law, and especially after he has been placed under arrest and charges have been preferred against him, it is too late for the parent or guardian to oust the jurisdiction of the military authorities by an application to the civil courts for a writ of habeas corpus"—citing many cases.

See, also, Ex parte Foley (D. C.) 243 Fed. 470, where the same rule is laid down.

The question is not new in this (the Fifth) circuit. It arose in the case of In re Miller, 114 Fed. 838, 52 C. C. A. 476, and was ably discussed by Shelby, J. The court held there that a minor who had enlisted without the consent of his parents, having falsely represented that he was of age, became a soldier, amenable to military jurisdiction for military offenses, and subject to release only on application of his parent or guardian, who cannot prevent his court-martial for past military offenses. Judge Shelby, speaking for the court, said:

"His enlistment having made the prisoner a soldier notwithstanding his minority, he is amenable to the military law, just as the citizen who is a minor is amenable to the civil law. The parents cannot prevent the law's enforcement in either case. It is not reasonable that a minor, of age to enlist, who secures the honorable and responsible position of a soldier in the United States army, could abandon his colors in the face of the enemy and on the eve of battle, and avoid trial and punishment for desertion by the intervention of his parents, who had not consented to his enlistment, but who had taken no step to avoid it before the soldier's arrest for desertion, or that he could endanger the army by betraying its secrets to the enemy, and not be amenable to military jurisdiction, his parents objecting. We cannot approve a view that leads to such results."

The question again came before our Court of Appeals in the case of United States v. Reaves, 126 Fed. 127, 60 C. C. A. 675, where a minor had enlisted without the consent of his parent and afterwards deserted from the navy, and the ruling in Re Miller, supra, was upheld and confirmed.

The court is familiar with the recent case of Hoskins v. Pell, 239 Fed. 279, 152 C. C. A. 267, L. R. A. 1917D, 1053 (decided February 5, 1917), where this same question again received the consideration of the court. While the minor in that case was discharged from the custody of the military authorities, it was because he was under the age of 16 years, and the court took the view that the statute (Rev. Stat.

U. S. § 1118·[Comp. St. 1916, § 1886]) declared him incapable of changing his status by enlistment, and that, his contract of enlistment being void, the government acquired no right to his services. In this case Caldwell was over 16 years of age at the time of his enlistment, and, as was said by the Court of Appeals in this same case (Hoskins v. Pell, supra):

"It is settled that the age of one who, when he is over 16 and under 18 years of age, enlists in the army without the consent of his parents or guardians * * * entitled to his custody and control, does not render his enlistment void, and that he is subject to the jurisdiction of the military authorities for an offense committed prior to the exercise by his parent or guardian of the right to avoid his enlistment." 239 Fed. 282, 152 C. C. A. 270, L. R. A. 1917D, 1053.

These three decisions by the Circuit Court of Appeals for the Fifth Circuit are not only sound in principle and correct expositions of the law, but they control here, and no useful purpose would be secured by citing other cases in other circuits, though it may be remarked that, with one or two exceptions, they follow the same ruling as our Circuit Court of Appeals.

An order will therefore be made refusing to discharge Caldwell, and dismissing the petition filed in his behalf; but, following the practice in United States v. Reaves, supra, the dismissal will be without prejudice.