### Ex parte BEAVER.

(District Court, N. D. Ohio, E. D.   April 12, 1921.)

No. 10944.

1. **Habeas corpus ⊂⇒38—Minor of enlistment age cannot obtain release by habeas corpus, but nonconsenting parents may obtain relief.**

A minor of the authorized enlistment age cannot, after having enlisted, obtain his release from military service by a writ of habeas corpus; but nonconsenting parents may by timely application secure his release.

2. **Army and navy ⊂⇒44(3)—Right of parent or guardian to custody is subordinate to right to hold for military offenses.**

If a minor, enlisting without the required consent of his parent or guardian, has committed an offense triable by court-martial and punishable by military law, the right of his parents or guardian to his custody and services is subordinate to the right of the military officers to hold him to answer for such offense.

3. **Army and navy ⊂⇒18—Statute relative to enlistment in time of peace not applicable.**

Act Aug. 1, 1894, § 2 (Comp. St. § 1888), providing that in time of peace no person not a citizen of the United States shall be enlisted, is not now applicable; the United States not being at peace.

4. **Army and navy ⊂⇒18, 44(2)—Alien may not avoid enlistment, because statute prohibited enlistment.**

Under Act Aug. 1, 1894, § 2 (Comp. St. § 1888), prohibiting the enlistment of aliens in time of peace, the United States alone may plead the disability of an alien, duly enlisted in time of peace, to avoid the enlistment contract, and the alien cannot obtain his discharge by habeas corpus, and escape liability for offenses against the military law under that section.

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Army and navy ☞19—Revised Statutes, as to enlistment without consent of parents or guardian, held superseded.**

National Defense Act, June 3, 1916, § 27 (Comp. St. § 1885a), providing that no person under 18 shall be enlisted or mustered into the military service without the written consent of his parents or guardians, provided he has parents or guardians entitled to his custody and control, supersedes Rev. St. § 1117, containing a similar provision as to persons under 21.

**6. Army and navy ☞19—Enlistment of minors between ages of 16 and 18 not prohibited.**

National Defense Act, § 27 (Comp. St. § 1885a), repeals Act March 2, 1899, § 4 (Comp. St. § 1889), making 18 the minimum age for enlistment, and, if it does not revive Rev. St. §§ 1116, 1118 (Comp. St. §§ 1884, 1886), prescribing a minimum age limit of 16 years, leaves the common law applicable; and hence the enlistment of minors between 16 and 18 is not prohibited, but authorized with the consent of parents or guardians.

Habeas Corpus. Application by Thomas Alfred Beaver for the writ on behalf of Albert Edward Beaver. Application denied.

Turney & Sipe, of Cleveland, Ohio, for petitioner.

E. S. Wertz, U. S. Atty., and D. J. Needham, Asst. U. S. Atty., both of Cleveland, Ohio, for respondent.

WESTENHAVER, District Judge. This is an application for writ of habeas corpus by Thomas Alfred Beaver, on behalf of his minor son, Albert Edward Beaver. Upon presentation of the petition, the respondent appeared, waived the issue and service of an alternative writ, and has made answer. The facts are agreed.

Albert Edward Beaver, the minor, is an alien subject of the king of Great Britain, residing at the time of his alleged enlistment with his father in the United States. He was born in England April 21, 1904 He enlisted in the United States army November 4, 1920, under the fictitious name of Roy Smith. He represented himself to be 19 years and 6 months of age, and that he had been born in the city of New York. He was duly accepted as a soldier, took the enlistment oath, and drew pay, rations, clothing, and allowances. He deserted December 27, 1920, and is now held by the respondent at the request of the United States military authorities to answer a charge of desertion. He is also liable to prosecution under the fifty-fourth Article of War (Comp. St. § 2308a) on the charge of fraudulent enlistment.

[1, 2] Much of the law is well settled. A minor of the authorized enlistment age cannot, after having enlisted, obtain his release from military service by writ of habeas corpus. If he is within the age requiring the consent of parents or guardian, and enlists without such consent, the parents or guardian may, by a timely application, obtain his release. If, however, in the meantime and before they shall apply for the minor's release, he has committed an offense triable by court-martial and punishable by military law, their right to his custody and service is subordinate to the right of the military authorities to hold him to answer for such an offense. This much is conceded. See In re Morrissey, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644; Ex

parte Dostal (D. C.) 243 Fed. 665, in which the authorities are collected and reviewed.

[3, 4] It is urged, however, that the alienage of the minor renders this law and these authorities inapplicable. This contention is based upon section 2, Act of August 1, 1894 (section 1888, U. S. Comp. Stat.; 28 Stat. 216), which provides that in time of peace no person who is not a citizen of the United States shall be enlisted. A like prohibition is made against persons whose previous service has not been faithful and honest, and who cannot speak, read, or write the English language. or who are over 35 years of age. It is conceded that, unless the enlistment in this case was one made in time of peace, this section is without application. It is now authoritatively settled by two recent decisions of the United States Supreme Court that the United States is not at peace, but at war, and that the laws applicable in time of war to the United States army and court-martial proceedings are now applicable. See Kahn v. Anderson, 254 U. S. ——, 41 Sup. Ct. 224, 65 L. Ed. ——, and Givens v. Zerbst, 254 U. S. ——, 41 Sup. Ct. 227, 65 L. Ed. ——, both decided January 31, 1921. Moreover, even in time of peace. an alien duly enlisted cannot obtain his discharge by writ of habeas corpus from military service and escape liability for offenses against military law by invoking the provisions of the section above cited. Being sui juris, it is settled that the United States only may plead his disability to avoid his enlistment contract, and that he may not. See Ex parte Grimley, 137 U. S. 147, 11 Sup. Ct. 54, 34 L. Ed. 636; Ex parte Dostal (D. C.) 243 Fed. 665, in which the authorities are collected and reviewed.

The ground most strenuously urged is that, inasmuch as the minor was under 18 years of age, his enlistment is not only unauthorized, but forbidden by law, and hence he is not, and never became, a soldier subject to military law as a member of the military establishment of the United States. The minimum enlistment age is said to be 18 years. This contention requires an examination of the United States statutes on the subject.

R. S. § 1116 (U. S. Comp. Stat. § 1884), provides:

"Recruits enlisting in the army must be effective, able-bodied men, and between the ages of 16 and 35 at the time of their enlistment."

R. S. § 1118 (U. S. Comp. Stat. § 1886), provides:

"No minor under the age of 16 years * * * shall be enlisted or mustered into the military service."

R. S. § 1117, provides:

"No person under the age of 21 years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians; provided that such minor has such parents or guardians entitled to his custody and control."

Most of the cases, including In re Morrissey, supra, were decided under these sections. Later the Act of March 2, 1899, to increase the efficiency of the army, contained in section 4 (Comp. St. § 1889) the following proviso:

"The limits of age for original enlistments in the army shall be 18 and 35 years."

This proviso, it is asserted, repealed by implication the minimum age limit of 16 years previously embodied in sections 1116 and 1118. Such is the view of the editor of U. S. Comp. Stat. 1916. See notes to sections 1884 and 1886. It is also the view of the article entitled "Army and Navy," 5 Corp. Jur. p. 298. The exact question has not, however, been considered or decided in any of the reported cases.

[5] The National Defense Act of June 3, 1916, § 27 (Comp. St. § 1885a), provides:

"No person under the age of 18 years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians, provided that such minor has such parents or guardians entitled to his custody and control."

Obviously, this supersedes R. S. § 1117, and it is asserted that it repeals by implication the minimum age limitation prescribed by section 4, Act March 2, 1899, and perhaps restores the minimum age limit of 16 years as originally provided in R. S. §§ 1116 and 1118. The War Department officials charged with the administration of the law have interpreted it as having this effect. See Mss. opinion, H. A. White, Judge Advocate, Chief Administrative Law Division, dated January 12, 1921.

The question thus presented cannot be said to have been finally settled by decision, but the tendency thereof is to support the War Department's view. In Ex parte Rush (D. C.) 246 Fed. 172, a case arising since the adoption of the National Defense Act, the minor was over 17 years of age when he enlisted, and under 18 when he deserted. Clayton, District Judge, in denying a writ of habeas corpus, seems to have entertained the opinion that, as a result of section 27, a minor over 16, but under 18, years of age may enlist in the United States army and become subject to military law. This conclusion is, however, stated and assumed, rather than deduced as the result of an examination of the several pertinent sections above cited.

In Hoskins v. Pell (5 C. C. A.) 239 Fed. 279, 152 C. C. A. 267, L. R. A. 1917D, 1053, all the pertinent sections were quoted and apparently fully considered. The minor was not only under 18, but under 16, years of age at the time of his enlistment, and had merely taken the enlistment oath and returned home, without drawing pay, rations, or clothing. The writ was granted, because the minor was under 16 years of age, but the view is expressed that a minor over 16, even if under 18, acquires the status of a soldier by enlisting for military service, and is subject to be dealt with pursuant to military law.

In Ex parte Foley (D. C.) 243 Fed. 470, a case also arising since the adoption of section 27 of the National Defense Act, Judge Evans held that a minor under 18 years of age, who had enlisted without the consent of his parents, could not be discharged on their application after he had committed an offense punishable by military law.

In Hoskins v. Dickerson (5 C. C. A.) 239 Fed. 275, 152 C. C. A. 263, Ann. Cas. 1917C, 776, L. R. A. 1917D, 1056, a case arising since

the adoption of the National Defense Act, it was held that a minor over 16, but under 18, could not obtain a discharge by habeas corpus, and that his enlistment was valid, and made him subject to military trial for any offense committed by him, and that his father could not obtain his discharge by habeas corpus until after he had been tried and served his sentence for such military offense. This case, upon the facts, is exactly in point, and must be taken as sustaining the War Department view, even though the several sections are not reviewed at length.

[6] My view is that the enlistment of minors under 18 years of age is not now prohibited by law. Section 4 of the Act of March 2, 1899, does not expressly repeal the authority to enlist minors over 16 years of age, but does so, if at all, only by implication. That implication is, it seems to me, repelled or repealed by section 27, National Defense Act. Section 27 does not, it is true, expressly repeal section 4; but it would be entirely meaningless if it did not. Indirectly, but none the less explicitly, Congress recognizes and authorizes enlistments of all minors under 18 years of age with the consent of parents or guardians. The effect of this is to repeal the minimum limit of 18 years provided in section 4, even if it does not restore and re-enact the limit of 16 years originally found in R. S. §§ 1116 and 1118.

Moreover, in the event the 18-year minimum is repealed, and the 16-year minimum is not restored, then the common law applicable to the enlistment of minors under 18 years of age will be in force. By the common law it seems that a minor of the age of discretion might enlist, regardless of any other age limit. See 5 Corp. Jur. 300; In re Morrissey, 137 U. S. 157, 159, third paragraph, 11 Sup. Ct. 57, 34 L. Ed. 644; U. S. v. Blakeney, 3 Grat. (Va.) 405; Commonwealth v. Gamble, 11 Serg. & R. (Pa.) 92. This being so, the instant case is governed by that long line of authorities holding that a minor over 16 years of age, who has enlisted without the previous consent of his parents or lawful guardian, cannot, on his own application, be released in any event, and cannot be released on their application after he has committed an offense punishable by military law and is being held to answer the same.

If, however, the minimum enlistment age is 18 years, we should be confronted with the much-mooted question as to whether the enlistment of a minor below that age is so far void that he cannot be detained and tried by the military authorities for an offense against military law, committed while occupying the de facto status of a soldier. In support of the view that he cannot be so detained and tried, it is urged that a minor is not sui juris, and that his contract of enlistment is void, and hence does not operate to change his civilian to a military status, and make him a member of the military establishment of the United States for the purpose even of a trial for an offense committed while occupying that de facto status. This argument assumes that a minor's enlistment contract is void, and not merely voidable, while the latter seems to be the true rule. See In re Morrissey, supra, 137 U. S. 159, third paragraph, 11 Sup. Ct. 57, 34 L. Ed. 644, and cases cited.

271 F.—32

Furthermore, a minor of the age of discretion is answerable for his criminal offenses, just as much as is an adult. If, therefore, a minor has misrepresented his age, and has thereby committed the offense of fraudulent enlistment, or if, after enlisting, he has been guilty of desertion, insubordination, communication with the enemy, or any one of the many offenses against military law, it is difficult to suggest a valid reason why he might not be detained and tried by the military authorities for such offenses. Authorities so holding are the following: In re Cosenow (C. C.) 37 Fed. 668; Commonwealth v. Gamble, 11 Serg. & R. (Pa.) 93; Wilbur v. Grace, 12 Johns. (N. Y.) 67–72. Such, also, seems to be the logic of Ex parte Grimley, 137 U. S. 147, 11 Sup. Ct. 54, 34 L. Ed. 636. The many expressions found in the cases to the effect that the enlistment of a minor under the minimum age is void are all dicta, with the apparent exception of Hoskins v. Pell (5 C. C. A.) 239 Fed. 279, 152 C. C. A. 267, L. R. A. 1917D, 1053. In that case, one of the three judges strongly dissents, and, upon the facts, it appears that the minor had gone no farther than to take the oath of enlistment and then return home, without drawing pay, rations, or clothing, in which situation he had not as yet committed the offense of fraudulent enlistment. No opinion, however, need be or is expressed on this question, as I am content to deny the application upon the other ground.

The application for writ of habeas corpus will be denied.