BLACKINGTON v. UNITED STATES et al.

(Circuit Court of Appeals, First Circuit. January 2, 1918.)

No. 1320.

ARMY AND NAVY ☞20—ENLISTMENT—VALIDITY—MATERIALITY.

    Where petitioner, after enlistment in the National Guard, became a soldier of the United States army, being drafted into the service pursuant to National Defense Act June 3, 1916, c. 134, § 111, 39 Stat. 211 (Comp. St. 1916, § 3045), and National Conscription Act May 18, 1917, c. 15, § 1, subd. 2, 40 Stat. 76, on August 5, 1917, at which time he was examined by the federal medical officers and accepted, and such examination was not shown to be irregular or unfair, his status is determined by the draft of August 5, 1917, and irregularities, if any, which might have occurred at the time of his previous examination and voluntary enlistment, are immaterial.

Appeal from the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Jr., Judge.

Petition by Carl A. Blackington for writ of habeas corpus against the United States of America and others. From an order discharg-

ing the writ, and remanding petitioner to custody of his commanding officer (245 Fed. 801), petitioner appeals. Affirmed.

Harvey D. Eaton, of Waterville, Me., for appellant.

Frederic Gilbert Bauer, Major Judge Advocate, of Boston, Mass. (Thomas J. Boynton, U. S. Atty., and Lewis Goldberg, Asst. U. S. Atty., both of Boston, Mass., on the brief), for appellees.

Before DODGE, BINGHAM, and JOHNSON, Circuit Judges.

PER CURIAM. In this case it appears that the appellant is now a soldier in the United States army, having been drafted into that service, pursuant to section 111 of the National Defense Act of June 3, 1916 (39 Stat. 166, 211), and of section 1, subd. 2, of the National Conscription Act of May 18, 1917, on August 5, 1917, at which time he was examined by the federal medical officers and accepted into said United States service, and said examination is not shown to have been in any manner irregular or unfair. In view of the above, we are of opinion that his present status as a soldier is determined by the draft of August 5, 1917; that irregularities, if any, which may have taken place in his previous examination and voluntary enlistment on June 29, 1917, in Battery E, First Maine Heavy Artillery, of the National Guard, are of no moment; and that it is unnecessary to consider whether the conduct of the medical examiner and recruiting officer in regard thereto was such as in any way to affect the validity of his enlistment on June 29, 1917, as a member of said National Guard. It follows that the District Court did not err in discharging the writ of habeas corpus and remanding the appellant to the custody of his commanding officer.

The order of the District Court is affirmed, and the appellees recover their costs in this court.