### REED v. CUSHMAN.

(Circuit Court of Appeals, First Circuit.    May 24, 1918.)

### No. 1344.

1. ARMY AND NAVY ⬤=⬤19—ENLISTMENT—MINORS.
    National Defense Act, § 27, requiring written consent of parent for en-
    listment of one under 18 years into military service of the United States,
    if applicable to enlistment in National Guard, does not make enlistment
    without consent void, but only voidable by parent.
2. ARMY AND NAVY ⬤=⬤19—ENLISTMENT—MINORS—AVOIDANCE BY PARENT.
    Any defect of enlistment in National Guard of one under 18 years, be-
    cause without consent of father, becomes immaterial, and is not avail-
    able to the father to secure his discharge, where not urged, though
    known, till after he was 18 and drafted into the service of the United
    States, as under National Defense Act, §§ 57, 58, 111, a member of the
    National Guard over 18 may be.

Appeal from the District Court of the United States for the District
of Maine; Clarence Hale, Judge.

Habeas corpus by Joseph M. Cushman against Earle A. Reed.    De-
cree for petitioner, and respondent appeals.    Reversed and remanded.

John F. A. Merrill, U. S. Atty., of Portland, Me., for appellant.
John B. Kehoe, of Portland, Me., for appellee.

Before DODGE, BINGHAM, and JOHNSON, Circuit Judges.

PER CURIAM.    Joseph H. Cushman, born June 26, 1899, enlisted
March 8, 1917, in the Eleventh Company Coast Artillery, National
Guard of Maine.    He was in his eighteenth year, but at said date of
enlistment was under the age of 18 by a little more than three months.
He had a father entitled to his custody and control, whose written
consent to his enlistment was never given.

Having been subsequently transferred to the Third Company Coast
Artillery Corps, National Guard of Maine, that company was mustered
into the military service of the United States on July 25, 1917.    When
so mustered into the United States service with said company he was
very nearly one month over the age of 18 years.

On August 24, 1917, Joseph M. Cushman, his father, filed a petition
for a writ of habeas corpus to the commanding officer of said Third
Company, alleging that his son's enlistment on March 8, 1917, and
subsequent mustering in as above, had been without his knowledge or
consent.    On the same day the writ prayed for was issued; the re-
spondent made return thereto, producing Joseph H. Cushman in court
as ordered; the cause was heard by the District Judge; and an order
made discharging him and committing him to the petitioner's custody
—he being, as the order recited, "under the age of 18 years at the
date of enlistment and no consent of parents to said enlistment being
shown."    From this order the respondent appeals.

The petitioner relies on section 27 of the National Defense Act,
passed June 3, 1916 (39 Stat. 166, 185, c. 134), wherein, among other
things, it is provided:

⬤=⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"That no person under the age of eighteen years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians, provided that such minor has such parents or guardians entitled to his custody and control."

Section 27 purports by its title, "Enlistments in the Regular Army," to regulate only enlistments in that branch of the military service of the United States. All the sections of the act from 2 to 55, inclusive, relate to the Regular Army and the various corps included therein. If the above provisions quoted from section 27 have any application to enlistments in the National Guard, it can only be because of the provision in section 69 that the qualifications for enlistment in the National Guard shall be the same as those prescribed for admission to the Regular Army. No express provisions are found in the act forbidding enlistments in the National Guard of minors under 18 without the written consent of parents or guardians.

[1] Assuming that the above provisions of section 27 were applicable to Cushman's enlistment in the National Guard on March 8, 1917, their effect was at most to make such enlistment voidable by the petitioner as his only surviving parent. They did not make the enlistment void as to him. In re Morrissey, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644; Ex parte Dostal (D. C.) 243 Fed. 664; Ex parte Rush (D. C.) 246 Fed. 172. If the petitioner could have avoided it, he made no attempt whatever to do so while Cushman remained under the age of 18 years, although there can be no doubt from the evidence before us that he knew Cushman had enlisted as early as April 17, 1917, more than two months before his eighteenth birthday. The petitioner had during this period seen his son frequently at his house in Portland, and had twice visited him at Ft. Preble, in Portland Harbor, where he was stationed. The first notice given by the petitioner of any objection on his part to the enlistment was the filing of his petition for the writ now before us, two months after his son had reached the age of 18, and one month after his mustering into the military service of the United States on July 25, 1917.

[2] We are unable to agree with the petitioner's contention that his right to avoid his son's enlistment, whether in the National Guard or the Army of the United States, remained open to him from March 8, 1917, until his son should reach the age of 21. Congress has declared that the Militia of the United States shall consist of all ablebodied citizens between the ages of 18 and 45, and that the National Guard, being one of three classes into which such Militia is divided, shall consist of the regularly enlisted Militia between the ages before specified. See sections 57 and 58 of the National Defense Act. Members of the National Guard are subject to draft into the military service of the United States in time of war, and when so drafted, but not before, they become part of the Army of the United States and stand discharged from the Militia. Sections 1, 111, of the same act. The right of a father to the services of his minor son are subject to these provisions. In view of them it may be doubted whether enlistment in the National Guard, without mustering into the military service of the United States, can be regarded as an enlistment such as section

27 of the act referred to. It would seem that such enlistment does no more than enroll the enlisted man in a class subject in time of war to be mustered into the military service of the United States, if over the age of 18 years at the time of such mustering in. After the father of a minor under 18 has knowingly permitted his son to remain a member of such class until after he has reached the prescribed age at which its members become subject to be mustered into the military service of the United States, and until after such mustering in has then taken place, we think that, even if he might have avoided the original enlistment in the National Guard, he had no right to avoid the different status later created after the age of eighteen had been reached. The defects, if any, in his original enlistment were thereby rendered immaterial. Blackington v. U. S., 248 Fed. 124, —— C. C. A. ——.

We hold, therefore, that the District Court erred in discharging Joseph H. Cushman by its order of August 27, 1917, and that it should have discharged the writ and remanded him to the custody of the respondent.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings in accordance with this opinion. The appellant recovers his costs of appeal.