June Term,
1862.

ALLERDING
v.
CROSS et al.

---

### ALLERDING vs. CROSS and others.

Where the jury, by consent of parties, found a general verdict for the plaintiff, upon which judgment was to be entered for him if the court should think that the verdict ought to stand, but otherwise the verdict was to be set aside and judgment entered for the defendant—and the court gave judgment for the defendant: *Held*, that a general exception to the order for judgment was not sufficient to bring up specific questions of law or fact.

After a judgment of affirmance in such a case, a rehearing was granted, with leave to the appellant to make application in the court below for such an amendment of the record as would show the facts.

Where a special verdict has been found, or a case made stating the *facts* upon which the questions of law arose (and not merely the *evidence* of the facts), *it seems* that a general exception to an order for judgment upon those facts will bring up for review the legal questions arising upon them.

APPEAL from the County Court for *Milwaukee* County. The case is stated by the court.
*Small & Cogswell*, for appellant.
*E. Mariner*, for respondents.

Nov. 2, 1861.    *By the Court*, PAINE, J. We feel bound to affirm the judgment in this case, for the reason that exceptions were not taken in such a manner as to present the questions discussed by counsel. The case was tried before a jury, and after argument, the jury, by consent of parties, found a formal verdict for the plaintiff, upon which judgment was to be entered for the plaintiff if the court should be of opinion that it should stand; otherwise the verdict was to be set aside, and a judgment entered for the defendant for costs. The plaintiff moved for judgment; the court denied the motion and gave judgment for the defendants, to which the plaintiff excepted. This practice is certainly not in accordance with the statute, which evidently contemplates a distinct exception to each distinct legal decision, whether it is made on the trial, or, in cases tried by the court, to the con-

clusions of law found by him. It is well settled that a general exception to a charge to the jury is not good, if the charge embodies more than one legal proposition. The reason is, that the attention of the court below must be specifically called to the error complained of, so that it may correct it, before the appellate court will reverse for that error. This being so, it is difficult to see how the practice adopted in this case can be sustained. For it would allow the party, by one exception, to cover all the legal questions which could possibly be raised in the case, without reference to the question whether they were in fact raised or not. The counsel might discuss certain points in the court below, and then reverse the judgment here upon other points which they had not there discovered, and which the court below never passed on. We do not think the statute contemplates or authorizes such a practice, nor that it is advisable to adopt it.

The judgment is affirmed, with costs.

On a motion for a rehearing, which was granted, the following opinion was filed:

*By the Court,* PAINE, J. We are satisfied, upon the argument of the motion for a rehearing, that we were right in holding that the practice adopted was not a proper one to present the questions sought to be raised. Perhaps the reasoning in the former opinion went too far in assuming that the principal objection to such a practice was, that it evaded the rule requiring specific exceptions to each ruling of the court below.

If a special verdict had been found, or a case made stating the facts upon which the questions of law arose, the authorities cited would seem to show that a general exception to an order granting judgment to either party upon those facts, is sufficient to present for review any legal question that may arise upon them. But the cases all agree that the case must show the facts, and not merely the evidence of the facts. The facts may be presented in a special verdict, or by an agreed statement, but none of the cases sustains the practice of giving the evidence only, so that the appellate

June Term,
1862.

ALLERDING
v.
CROSS et al.

September 1.

June Term, 1862.

court must first find from that evidence what the facts are upon which these questions of law arise. The authorities cited upon this motion show such to be the rule. See also 1 Arch. Pr., 305, where it is said that where a general verdict is taken subject to the opinion of the court, in order to review the decision, it is necessary to turn the special case into a special verdict. See also page 306, where it is said, " The facts proved at the trial, and not merely evidence of facts, must be stated in a special case, in the same manner as in a special verdict."

But we are also satisfied that the appellant should have been allowed to apply to the court below to amend the record so as to show the facts properly. There could be no doubt about it, if the application for such relief had been made before the decision of the case here. But as we have decided it merely on the question of practice, we think it is still within our discretion to allow that relief, although to do so involves the necesssity of granting the motion for a re-hearing. For this reason, therefore, the motion is granted, with leave to the appellant to apply for such an amendment of the record as will properly show the facts upon which the questions of law arise.

The motion is granted without costs.