[No. 6389. Decided December 5, 1906.]

H. P. DEAN, *Respondent*, v. OREGON RAILROAD & NAVIGATION COMPANY, *Appellant*.[1]

PARENT AND CHILD—EMANCIPATION. Where a minor ran away from home and enlisted in the army, any manumission depriving his parents of the right to his services is effective only during the time he was engaged in the public service.

DEATH—BY WRONGFUL ACT—PARENT AND CHILD—EMANCIPATION—CONTRIBUTION TO SUPPORT—INTENT—EVIDENCE—ADMISSIBILITY. In an action by parents for the death of their minor son who had run away from home, in which the defense is that he was emancipated and contributed nothing to the plaintiff's support, conversations and letters expressing an intent on the part of the decedent to contribute to such support are not incompetent as self-serving declarations.

SAME—DAMAGES—RECOVERY FOR BURIAL EXPENSES. In an action by parents to recover for the death of their minor son, the sum of $178 for burial expenses and transporting the body to the old home is a proper item for recovery.

[1]Reported in 87 Pac. 824.

SAME—DAMAGES—EARNING ABILITY—EVIDENCE. In an action by parents for the death of their minor son, who had run away from home, a recovery of about $1,000 is justified without any evidence as to his earning ability at his parent's home or that he contributed to their support, where there was evidence as to his wages at the time of his death justifying the verdict.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered April 14, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for causing the death of a minor child employed on a gravel train, and knocked off a trestle by the starting of the train without warning.   Affirmed.

' *W. W. Cotton, Thos. O'Day,* and *Samuel R. Stern,* for appellant.

*Barnes & Latimer,* for respondent.

Root, J.—This case was here once before, and may be found in 38 Wash. 565, 80 Pac. 842, to which report reference is made for a more complete statement of the facts. Most of the legal questions now suggested were determined in that decision. A new trial resulted in a judgment for respondent in the sum of $1,078, from which this appeal is prosecuted.

We are now required to pass upon the legal sufficiency of the evidence as to decedent's intention to return to his parents or contribute pecuniarily to them during his minority, he having been between eighteen and nineteen years of age at the time of his death.   It is urged by appellant that, when decedent left his parents' home without their consent and enlisted in the army, he became thereby emancipated, and that consequently the parents could not maintain this action.   If there was any manumission, we apprehend that it was effective only during the time that he was actually engaged in the service of the government.   When he was discharged from the army, he again became, as a matter of law, subservient to the authority of his parents, and they were legally entitled to his earnings.   As he had, without their consent and against

their wishes, gone away from home, thereby ignoring and disregarding their authority, it was our view when the case was here before that, before the parents or either of them could recover, there must be some showing of an intention on his part to again return, and a reasonable likelihood of his returning, or evidence of an intention and reasonable probability of contributing of his service or earnings to them, before they would be entitled to recover. Upon the last hearing certain letters written by him were introduced in evidence, as were certain conversations had by him wherein such an intention was expressed by the decedent. It is urged by appellant that these letters and these conversations constituted incompetent evidence in that they were self-serving declarations. We do not think this position tenable. There is nothing to indicate that decedent had any expectation of losing his life, and we cannot see how the doctrine of self-serving statements can be made applicable to this case. We think the letters and conversations were competent; and the question of their sufficiency to indicate a *bona fide* intention, and a likelihood, on the part of decedent to return to his parents was, under said evidence, a question of fact for the jury.

It is urged that respondent was not entitled to recover expenses for transporting the body of decedent to respondent's home in Arkansas. The total amount for this and burial expenses was $178. We think this a moderate sum to ask. It was the duty of respondent to bury the body of his minor son, and it was but natural and fitting that the remains should be taken back to the old home. Appellant being responsible for decedent's death, it is holden to pay the reasonable cost of burial and the expenses appropriately incidental thereto. In view of these considerations and the small sum expended and sought to be recovered, we think the allowance justifiable.

It is also contended by appellant that the evidence fails to show any reasonable probability of the decedent contributing

anything of his wages or any valuable service to the parents during his minority, and that, for that reason, the case should have been withdrawn from the jury, and judgment rendered in favor of appellant. There was no evidence as to the wages a boy of his years could earn in or about the neighborhood of his parents' home, but there was evidence as to what he was earning here at the time of his death, and it is contended by respondent that the jury had the right to take this into consideration and from all the circumstances estimate what amount might reasonably have been expected by the respondent. This question is not without difficulty, but a majority of the court believe that the amount found by the jury is justifiable and supported by the evidence.

Various assignments of error are based upon the giving and refusal, respectively, of certain instructions. An examination of these does not convince us that any prejudicial error was made. The judgment of the superior court is affirmed.

MOUNT, C. J., CROW, DUNBAR, RUDKIN, FULLERTON, and HADLEY, JJ., concur.