(No. 13215.—Reversed and remanded.)

THE IROQUOIS IRON COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(RAYMOND P. OLESEN, Admr. Defendant in Error.)

*Opinion filed June 16, 1920—Rehearing denied October 7, 1920.*

1. PARENT AND CHILD—*when emancipation is inferred from conduct of child.* Where a child who is physically and mentally able to take care of himself voluntarily abandons the parent and goes out to fight the battle of life on his own account the parent is no longer under legal obligation to support him, and emancipation is inferred where the child contracts for his services and collects and uses his own earnings.

2. SAME—*parent is under no legal obligation to support child who is old enough to support himself.* If a boy has attained an age at which he is capable of supporting himself, neither justice, reason nor the law requires the parent to maintain him in idleness.

3. SAME—*minor who enlists in military service is emancipated for term of enlistment.* Where a minor enlists in the military service he ceases to be a part of his father's family and puts himself under the control of the government and is emancipated so long as this service continues.

4. SAME—*emancipation is a severance of the filial relation—question of law and fact.* Emancipation works a severance of the filial relation as completely as if the child were of age, and it is a question of law as to what is an emancipation, but whether there has been an emancipation is a question of fact.

5. WORKMEN'S COMPENSATION—*when son who was in military service at time of death of his father is not entitled to compensation.* A minor son who was in the military service at the time of an injury resulting in the death of his father is not entitled to compensation under paragraph (*a*) of section 7 of the Compensation act, as the father at the time of the injury was under no legal obligation to support the son, who enlisted with his father's consent and whose term of enlistment does not expire until after he reaches the age of majority.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

KNAPP & CAMPBELL, (J. L. EARLYWINE, of counsel,) for plaintiff in error.

SHELLEY B. NELTNOR, and EINAR C. HOWARD, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

October 14, 1918, Peter W. Olesen was killed while in the employ of the Iroquois Iron Company, plaintiff in error. He left surviving him Mary Olesen, who obtained a divorce from him in 1914 on the ground of habitual drunkenness, Raymond P. Olesen, twenty-two years old, and Reginald W. Olesen, twenty years old. The elder son, as administrator of his father's estate, filed his application for compensation before the Industrial Commission, naming the widow as the beneficiary. At the hearing before the arbitrator the petition was amended, making the younger son the beneficiary. The arbitrator found that no amount was payable under paragraphs (a), (b), (c) or (d) of section 7 of the Compensation act and awarded the sum of $150 for burial expenses in accordance with paragraph (e) of that section. On the hearing on review the finding of the arbitrator was reversed and the Industrial Commission found "that the deceased left him surviving a son, Reginald W. Olesen, whom the deceased was under legal obligation to support," and awarded to the applicant $3500 compensation in accordance with paragraph (a) of section 7 of the act. On certiorari this decision of the Industrial Commission was confirmed by the circuit court of Cook county, and this court has granted leave to prosecute this writ of error to review that judgment.

The only question presented for review is whether deceased was "under legal obligation to support" his son Reginald at the time of the injury which resulted in his death. When Mrs. Olesen obtained her divorce she was awarded the sole care, custody and education of the children, and deceased was ordered to contribute and pay $5 each week toward the support of Reginald, who was then fifteen years

of age. Both the sons lived with the mother for a short time and then Reginald went to live with his father. They roomed together, the father paying the room rent. During the summer of 1915 Reginald was employed at Field's. He kept all the money he earned and fully provided for himself. October 3, 1915, he enlisted with the United States marines for a period of four years. This enlistment was without the knowledge of the mother but was with the father's consent. Deceased and the elder brother in June, 1918, each sent $30 to Reginald, who was stationed in Florida, to pay his fare home on a furlough. At another time they sent him $45 to help defray the expenses of a civilian physician when Reginald had his eye injured in the service. According to Reginald's testimony his father sent him $10 a month in currency, but he had no letters or receipts covering the amounts, because, as he said, they were required to burn such things during the "flu" epidemic. His pay was $14.80 a month while he was a private. October 4, 1917, he was made a corporal and his pay was increased to $36. A month later he was advanced to the rank of sergeant at $38 a month. The government furnished him his meals, clothing and living quarters. The only things it was necessary for him to purchase were toilet articles, such as toothpaste and soap. If he wanted extra food, his uniform pressed or other extras not included in the army list he was required to pay for these items with his own funds.

It seems too clear to require argument that Reginald Olesen was not dependent upon his father for support, but the question of dependency is not controlling here. The question we are called upon to determine is whether the deceased was under legal obligation to support this son at the time of the injury. This question is not only new in this State, but seems to be one that has not had the attention of courts of last resort of other States that have been called upon to construe workmen's compensation acts. Generally speaking, when a child arrives at the age of majority the

parent is no longer under legal obligation to support him. On the other hand, the parent is usually under a legal obligation to support his minor children. When a child who is physically and mentally able to take care of himself voluntarily abandons the parental roof and leaves its protection and influence and goes out to fight the battle of life on his own account the parent is no longer under legal obligation to support him. (*Hunt* v. *Thompson,* 3 Scam. 179.) If a boy has attained an age at which he is capable of supporting himself, neither justice, reason nor the law requires the parent to maintain him in idleness. Emancipation is inferred where the child contracts for his services and collects and uses his own earnings. (*Scott* v. *White,* 71 Ill. 287; 20 R. C. L. 610; 29 Cyc. 1675.) When a minor enlists in the military service of this country he ceases to be a part of his father's family and puts himself under the control of the government and is consequently emancipated so long as this service continues. (21 Am. & Eng. Ency. of Law,—2d ed.—1060; *Commonwealth* v. *Morris,* 1 Phila. 381; *Baker* v. *Baker,* 41 Vt. 55; *Gapen* v. *Gapen,* 41 W. Va. 422.) Enlistment is a contract between the soldier and the government which involves a change in his status which cannot be thrown off by him at his will. (*In re Grimley,* 137 U. S. 147.) Emancipation works a severance of the filial relation as completely as if the child were of age. Whether there has been an emancipation is a question of fact but what is emancipation is a question of law. The facts in this case are undisputed, and whether or not the deceased, in view of the undisputed facts in this record, was under legal liability to support his son who had enlisted in the military service is a question of law which the court must determine. Reginald Olesen was born July 21, 1898, and therefore would arrive at his majority before his term of enlistment expired. The emancipation of this son was brought about by the voluntary act of the parent and the child, and we think, both on authority and principle, it

must be held that deceased was not under legal obligation to support his son at the time of the injury in question.

· The judgment of the circuit court is therefore reversed and the cause is remanded to the circuit court of Cook county, with directions to remand the cause to the Industrial Commission with directions to confirm the finding of the arbitrator.     *Reversed and remanded, with directions.*