## UNITED STATES *v.* WILLIAMS.

No. 11. Argued October 15, 1937.—Decided November 8, 1937.

*Mr. Julius C. Martin,* with whom *Solicitor General Reed* and *Messrs. Wilbur C. Pickett, Thomas E. Walsh* and *W. Marvin Smith* were on the brief, for the United States.

*Mr. Frank C. Wade,* with whom *Mr. Perry Smith* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Respondent brought this suit in the federal court for the northern district of Illinois to recover war risk in-

surance on the life of her minor son, Benson Charles Williams, who died while serving in the navy. Trial by jury having been waived, the court made findings of fact, stated its conclusions of law and gave judgment for the plaintiff. The Circuit Court of Appeals affirmed. 86 F. (2d) 746.

The findings show: Plaintiff's son was born August 27, 1901, and January 13, 1919, enlisted in the navy for the period of his minority. At that time defendant issued a certificate of term insurance binding itself, in case of his death while insured, to pay plaintiff $10,000 in 240 equal monthly installments; he directed defendant to deduct premiums from his pay; his parents executed a writing by which they consented to the enlistment, released their claim to his pay, approved the transactions between him and defendant and declared that their consent was given on the condition that, during enlistment, he would carry war risk insurance in the sum of $10,000 in behalf of his mother. July 20, 1920, he made written request that his insurance be terminated. Thereafter, defendant made no deductions from his pay on account of premiums. The insured died June 30, 1921. At all times until his death his uncollected pay was more than enough to keep the insurance in force. Upon learning of her son's death plaintiff demanded payment of the insurance. When notified by defendant of her son's cancelation she repudiated it, offered to pay all premiums, reiterated her claim as beneficiary and, defendant having rejected it, brought this suit.

The Circuit Court of Appeals reasoned as follows: Plaintiff's consent was essential to the enlistment and was given on condition that the insurance be maintained. The minor and defendant could not set the condition at naught. Defendant could not avail itself of his services, to which it was entitled only if his mother so agreed, and ignore the condition upon which the agreement was obtained. Defendant was charged with notice of plain-

tiff's interest as beneficiary and, the cancelation not having been ratified by her, defendant was bound to collect the premiums and maintain the insurance by deductions from the pay of the insured. On that basis the court concluded that the insurance remained in force and that plaintiff is entitled to recover.

The opinion strongly puts the considerations that make in favor of plaintiff's claim, but neglects the distinction between private employment of minors and their service in army or navy, and fails to give effect to the law applicable to contracts of enlistment and to the terms upon which the Government granted the war risk insurance here in question. In virtue of its power to raise and support armies, to provide and maintain a navy and to make rules for the government of land and naval forces, the Congress may require military service of adults and minors alike.[1] The power of the United States may be exerted to supersede parents' control and their right to have the services of minor sons who are wanted and fit for military service.[2] And the Congress may confer upon minors the privilege of serving in land or naval forces, authorize them to enlist, or draft them upon such terms as it may deem expedient and just.[3]

---

[1] *Tarble's Case* (1871) 13 Wall. 397, 408. *In re Grimley* (1890) 137 U. S. 147, 153. *Selective Draft Law Cases* (1918) 245 U. S. 366, 377–378, 386. *Hamilton* v. *Regents* (1934) 293 U. S. 245, 262–264. *United States* v. *Blakeney* (1847) 3 Gratt. 405, 408. *Lanahan* v. *Birge* (1862) 30 Conn. 438.

[2] *United States* v. *Bainbridge* (1816) Fed. Cas. No. 14,497, p. 950, per Story, J. *Commonwealth* v. *Gamble* (1824) 11 Serg. & R. 93, 94, per Gibson, J. *Com. ex rel. Engle* v. *Morris* (1852) 1 Phila. 381. *In the matter of Beswick* (1863) 25 How. Pr. 149, 151. *Halliday* v. *Miller* (1887) 29 W. Va. 424, 439; 1 S. E. 821.

[3] *United States* v. *Bainbridge* (1816) Fed. Cas. No. 14,497, p. 950. *In re Riley* (1867) Fed. Cas. No. 11,834, p. 797, per Blatchford, D. J. *In re Davison* (1884) 21 Fed. 618, 622. *In re Cosenow* (1889) 37 Fed. 668, 670, per Henry Billings Brown, D. J. *United States* v. *Blakeney* (1847) 3 Gratt. 405, 416. *In re Gregg* (1862) 15 Wis. 531, 532.

The statute under which plaintiff's son was accepted declares that minors between ages of 14 and 18 years shall not be enlisted in the navy without the consent of their parents.[4] It means that, while minors over 18 may enlist without parental permission, the government elects not to take those between 14 and 18 unless their parents are willing to have them go. It is a determination by Congress that minors over 14 have capacity to make contracts for service in the navy.[5] And it is in harmony with rulings under the common law to the effect that enlistment of a minor for military service is not voidable by him or his parents.[6] Enlistment is more than a contract; it effects a change of status.[7] It operates to emancipate minors at least to the extent that by enlistment they become bound to serve subject to rules governing enlisted men and entitled to have and freely to dispose of their pay.[8] Upon enlistment of plain-

---

[4] "No minor under the age of fourteen years shall be enlisted in the naval service; and minors between the age of fourteen and eighteen years shall not be enlisted for the naval service without the consent of their parents or guardians." 34 U. S. C., § 161. (See R. S., §§ 1419, 1420, as amended by Acts: May 12, 1879, c. 5, 21 Stat. 3; February 23, 1881, c. 73, § 2, 21 Stat. 338; August 22, 1912, c. 336, § 2, 37 Stat. 356.)

[5] *In re Morrissey* (1890) 137 U. S. 157, 159. *In re Davison* (1884) 21 Fed. 618, 623. *In re Gregg* (1862) 15 Wis. 531, 533. *United States* v. *Blakeney* (1847) 3 Gratt. 405, 414–415. *United States* v. *Bainbridge* (1816) Fed. Cas. No. 14,497, p. 951.

[6] *In re Morrissey* (1890) 137 U. S. 157, 159. *United States* v. *Blakeney* (1847) 3 Gratt. 405, 413.

[7] *In re Grimley* (1890) 137 U. S. 147, 151. *In re Morrissey* (1890) 137 U. S. 157, 159.

[8] *In re Morrissey* (1890) 137 U. S. 157, 159–160. *In re Miller* (1902) 114 Fed. 838, 842–843. *United States* v. *Reaves* (1903) 126 Fed. 127, 130. *United States* v. *Bainbridge* (1816) Fed. Cas. No. 14,497, p. 951. *Baker* v. *Baker* (1868) 41 Vt. 55, 57. *Halliday* v. *Miller* (1887) 29 W. Va. 424, 439; 1 S. E. 821. *Gapen* v. *Gapen* (1895)

tiff's son, and until his death, he became entirely subject to the control of the United States in respect of all things pertaining to or affecting his service.

The statute does not confer upon or leave with the parents any right to condition consent to their sons' enlistment. No Act of Congress permits enlistment of minors upon condition or upon the qualified consent of parents, nor does any Act authorize recruiting officers to bind the United States to carry, or to require an enlisted man to carry, war risk insurance for his own protection or for the benefit of any person. It follows that defendant was not bound by the condition on which the trial court found that the parents consented to the enlistment of their minor son.[9]

War risk insurance was made available to those in active military service for the greater protection of themselves and their dependents.[10] By the insurance contract, of which applicable provisions of statutes and regulations constitute a part,[11] the insured minor was authorized to allot a part of his pay for the payment of premiums,[12] to change beneficiaries without their consent[13] and to cancel the insurance in whole or in

41 W. Va. 422, 425; 23 S. E. 579. *Iroquois Iron Co.* v. *Industrial Com.* (1920) 294 Ill. 106, 109; 128 N. E. 289. 1 Schouler, Domestic Relations (6th ed.) § 754, p. 820.

[9] *Utah Power & Light Co.* v. *United States* (1917) 243 U. S. 389, 408–409. *Wilber Nat. Bank* v. *United States* (1935) 294 U. S. 120, 123–124.

[10] War Risk Insurance Act of October 6, 1917, § 400, 40 Stat. 409.

[11] *White* v. *United States* (1926) 270 U. S. 175. *Lynch* v. *United States* (1934) 292 U. S. 571, 577.

[12] War Risk Insurance Act of October 6, 1917, § 202, 40 Stat. 403.

[13] *Id.*, § 402, 40 Stat. 409: ". . . Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries, but only within the classes herein provided . . ." Bulletin No. 1, promulgated October 15, 1917: "The insured may at any time, subject to the regulations of the

part.[14] It follows that the cancelation was valid and plaintiff is not entitled to recover.[15]

*Reversed.*

bureau, change the beneficiary or beneficiaries to any person or persons within the classes permitted by the act, without the consent of the beneficiary or beneficiaries." Regulations and Procedure, U. S. Veterans' Bureau, 1928 (Washington, 1930) Part 2, pp. 1235, 1237.

[14] T. D. 48 W. R. provides: "The yearly renewable term insurance shall . . . lapse and terminate . . . (c) Upon written request . . . to the Bureau . . . for cancelation of the insurance, in whole or in part, and corresponding cessation or reduction of the payment of premiums . . ." Regulations and Procedure, U. S. Veterans' Bureau, 1928 (Washington, 1930) Part 1, pp. 19–20.

[15] *White* v. *United States* (1926) 270 U. S. 175, 180. *Von der Lippi-Lipski* v. *United States* (1925) 4 F. (2d) 168, 169. *United States* v. *Sterling* (1926) 12 F. (2d) 921, 922. *Lewis* v. *United States* (1932) 56 F. (2d) 563, 564. *Irons* v. *Smith* (1933) 62 F. (2d) 644, 646.