EDITH W. HARWOOD, Respondent, *v.* WALLACE W. HARWOOD, Appellant.

Supreme Court, Appellate Term, First Department, June 23, 1944.

*Lester R. Bachner* for appellant.

*Nathan J. Gottlieb* for respondent.

SHIENTAG, J.  The questions presented on this appeal are, first, whether the induction of a minor into the military service of the United States operates as a temporary emancipation during his term of service so as to suspend the obligation of his father to make payments, under a separation agreement, for the son's support, maintenance and education, and, second, whether such induction operates as a partial failure of consideration.

The questions arise on a suit brought by the wife under the separation agreement. The defendant husband moved for summary judgment; the plaintiff for judgment on the pleadings. The defendant's motion was denied, and the plaintiff's motion granted.

Under the agreement, the first party (the husband), " while the said parties hereto shall both remain alive and so long as the second party (the wife) shall fully keep and perform the covenants and conditions to be kept and performed by her under this agreement, shall pay for the support, care, maintenance and education of Anthony, the infant son of the said marriage, and shall pay on account of the maintenance and support of the second party (while she remains unmarried) sums of money in the amount, in the manner and subject to the terms and conditions herein set forth: 1. for all the said purposes the sum of $550 per month on or about the first of each and every month to and including the 30th day of April, 1935; 2. From and after the first day of May, 1935 (the date of expiration of the existing lease on the house at Deal, N. J.), the first party shall pay for all the aforesaid purposes the sum of $450 per month on or about the first day of each and every month."

The contract then provides that should the wife " at any time remarry, then any and all provisions made on account of her maintenance and support shall thereupon cease and terminate."

Paragraph 3b of the contract provides: " For all the purposes of this agreement it shall be deemed that out of the aforesaid monthly sums agreed to be paid by the first party that $125 per month thereof is in full of provision for the maintenance, support, care and education of the aforesaid son, Anthony, until his arrival at the age of fourteen years and that thereafter and until his arrival at the age of twenty-one the sum of $200 per month out of the aforesaid monthly payments shall be deemed to be and be for the care, maintenance, support and education of the son Anthony."

The contract contains detailed provisions for a progressive percentage reduction, on the basis of any " inheritance " that the wife or the son might receive by reason of the death of her father or any other person or persons, of the sum " which the first party has agreed to pay on account of the second party's maintenance and support " (being the total amount of monthly payments less the part thereof segregated for the benefit of the son Anthony). It is, however, provided that " it is the agreement of the parties and the intention hereby

expressed that should, by reason of any ' inheritance ' to the second party or the son, the obligation for support and maintenance of the second party be thereby wiped out, that nevertheless, the obligation as segregated for the care, maintenance, support and education of the son Anthony shall continue.''

There are many other provisions with which we are not here directly concerned, except that under the contract, while each of the parties asserted equal rights and equal affection for their son, it was, nevertheless, agreed that he should reside with his mother, who should have primary custody of him, with certain rights of visitation by the father, and that the father was to be consulted '' in respect of all matters concerning the education of the child and the selection of any school or schools shall have his approval.''

There is much plausibility to the contention of the plaintiff that under the contract the defendant obligated himself to pay to her, '' while she remains unmarried '', a fixed indivisible sum of $450; that this obligation was made subject to three conditions: that both parties be alive; that the respondent perform her part of the bargain; and that no '' inheritance '' as defined in the contract shall have been received by her that would reduce the payment which the defendant contracted to make. The plaintiff is still unmarried; there is no claim that she has violated any of the terms of the contract; and there has not been any '' inheritance ''.

The plaintiff argues that it is clear from the agreement that the only reason for specifying that $200 '' was to be deemed to be and be for the care, maintenance and support and education of the son Anthony,'' was to provide a measure of appellant's obligation upon the happening of either of two specified eventualities. The parties agreed that if the plaintiff should at any time remarry all provision for her maintenance and support would cease. It was further agreed that if the plaintiff inherited moneys, in amounts as specified in the contract, the provision for her maintenance and support was to be reduced, and if the inheritance was large enough the provision for her benefit was to be wiped out entirely. In either of these eventualities the defendant's obligation toward his son was to continue nonetheless and the plaintiff contends that it was to avoid any dispute as to the measure of that obligation, in either of such events, that the parties agreed upon the amount which was to be for the boy's benefit.

For the purposes of this appeal, however, we shall assume that the provisions for the support of the wife and for the

maintenance and education of the boy may be segregated and treated as severable. Nevertheless, we are of the opinion that the induction of the boy into the military service of our country did not operate to suspend the contractual obligation of the father for his care and maintenance. We are not here dealing with a judicial decree which may be modified because of a change of conditions. Nor are we concerned with the obligation of the father imposed by law. We are dealing with an express contract and we cannot rewrite that contract which the parties themselves voluntarily entered into. (*Schmelzel* v. *Schmelzel,* 287 N. Y. 21; *Goldman* v. *Goldman,* 282 N. Y. 296; *Stoddard* v. *Stoddard,* 227 N. Y. 13; *Galusha* v. *Galusha,* 116 N. Y. 635, 646.)

Despite its detailed provisions, there is nothing in the contract which provides that there shall be any reduction in the amount specified for the maintenance and education of the boy in the event that during his minority he should decide not to continue that education or to go to work. Under the terms of the contract, if, for example, the boy decided to work his way through college and, in connection with that, earned the same amount that the army is now paying him, the defendant's obligation under the contract would not be suspended or changed. On the contrary, the contract clearly indicates that any change in the boy's financial status should in no way affect the contractual obligation of the father for his support and maintenance. As pointed out, there is a distinct provision that regardless of any " inheritance " (and that term is given a very broad connotation under the contract) which might accrue to the benefit of the boy during his minority, the contractual obligation of his father for his support and maintenance should remain unchanged.

No emancipation of the son has occurred by reason of his induction into the armed forces, to release the father from the performance of his contractual obligations. Although, on occasion, " emancipation " has been used to signify complete severance of the legal rights and liabilities attendant upon the relationship of parent and child, it has frequently and more accurately been held to operate merely as a relinquishment to the child of its earnings, free of any of the rights or claims thereto in favor of the parent. " Emancipation " does not operate to release a parent from liabilities and obligations involving his child which he has expressly covenanted to perform. The doctrine of emancipation has as its basis sound principles of public policy and has been applied by the courts.

for the most part, to protect the best interests of children and those who have provided them with necessaries when their parents have failed to do so. (Madden on Domestic Relations, p. 407 *et seq.*) The induction of the child into the armed services does not constitute a voluntary surrender of control on the part of the parent, accepted and acted upon by the child.

The case of *Iroquois Iron Co.* v. *Industrial Comm.* (294 Ill. 106) is relied upon by the appellant. There the court held that a minor, by enlisting in the Marine Corps, with his father's consent, could not be deemed a dependent of the latter within the meaning of the Workmen's Compensation Law of the State of Illinois. There is a distinction between the two cases. Here there is no issue of dependency; the action is to recover under a contract. But to the extent that the *Iroquois* case is contrary to the views here expressed, we do not follow it. The induction of the boy into the armed services results only in a suspension of any right appellant may have to his boy's services during such period as the nation exercises its superior right to such services. The pay received by the boy may be regarded in the nature of a gratuity from the Government, because the Government in time of war unquestionably has the right to determine what sum, if any, it will pay to those whom it calls into service. Even while the boy is in actual service, there may be many obligations which the parent is still called upon to assume.

The obligation under the contract is not one of reimbursement to the wife for any expenses incurred by her in maintaining and supporting the son, and nothing else. The obligation does not spring into existence only upon a showing by the plaintiff that she has expended certain sums in maintaining and supporting the boy. That does not mean, nor does she claim, that she would be entitled to retain for her own use and benefit the full sum specified in the contract to the exclusion of her son, the other beneficiary; but the fact that she would have no right to the sole use and benefit of the full installment does not impair her right to collect the entire amount. With respect to any benefits intended for the boy, her position would be that of a trustee charged with the duty, both legal and moral, to effect collection so as to make available to the boy the benefits intended for him. (*Seaver* v. *Ransom,* 224 N. Y. 233.) The plaintiff is not seeking a " windfall " for herself, as the appellant charges. Rather she is seeking to prevent the appellant from taking advantage of a situation arising because of the gravest of all national emergencies.

For the reasons above stated, the appellant's plea of partial failure of consideration is likewise without merit. The plaintiff has fully performed all of the terms and conditions of the agreement on her part to be performed. The parties were most meticulous and detailed in providing for modifications in the obligation of the defendant because of a change of conditions. The contract neither expressly nor by fair implication provides for or contemplates any variation in the defendant's obligation for the benefit of the son, because of any situation such as has here occurred or anything analogous thereto. Indeed the contrary is fairly to be inferred from the very terms of the contract. Certainly it should be construed, if it is at all possible fairly to do so, in a way that will not deprive this young man of the benefits provided for him thereunder, simply because the country has called him into its service in time of war.

Although the question is not directly before us on this appeal, we deem it appropriate to say that the obligation of the father, under the contract for the support of the boy, .continues only during the latter's minority.

The judgment and orders should be affirmed, with ten dollars costs.

HECHT, J. (dissenting). The provisions of paragraphs a, b, c and d of subdivision 3 of article Fifth of the separation agreement indicate clearly that defendant assumed two separate and distinct undertakings during the period between his son's fourteenth and twenty-first birthdays, viz., (1) an undertaking to pay $200 per month for the care, maintenance, support and education of the son, and (2) an undertaking to pay $250 per month for the maintenance and support of the plaintiff. It is evident from a reading of the agreement as a whole that the sole purpose of and consideration for the defendant's promise to pay $200 per month on account of the son was the contemplated care, maintenance, support and education of the son by the plaintiff, to whom custody was granted. The induction of the son into the United States Army divested the plaintiff of custody and control of the son and resulted in the taking over of the custody, control, care, support, maintenance and education of the son by the army. The effect of the son's induction into the army was to bring about a complete failure of the consideration for defendant's undertaking to pay $200 per month for the son's support for the period he remained in the army.

The plaintiff's contention that the defendant remained liable to continue paying the $200 per month and that these sums

could be accumulated for the support, maintenance and education of the son after his discharge from the army, and even after his majority, appears to be without merit. Fairly construed, the separation agreement requires the monthly payments made by the defendant to be used for the current support, care and education of the son, not for his support after he reaches his majority or at some other future time.

The nature of the defendant's obligation is in no way altered even if, as plaintiff argues, the plaintiff, as to the $200 payments, is suing as a trustee for the son. Furthermore, the trustee theory appears to be inconsistent with the well-settled principle that a wife who violates material custody provisions of a separation agreement between herself and her husband may not recover from the latter payments which he agreed to make for the support of the children. (*Duryea* v. *Bliven,* 122 N. Y. 567; *Muth* v. *Wuest,* 76 App. Div. 332; notes, 105 A. L. R. 901.)

The judgment and order granting judgment on the pleadings should be reversed and motion denied, and defendant's motion granted to the extent of directing judgment for $250 in favor of plaintiff.

McLAUGHLIN, J., concurs with SHIENTAG, J.; HECHT, J., dissents in opinion.

Judgment and orders affirmed.